## FISHBACK *v*. REEVES.

APPEALS ; CONSTRUCTION OF WRITTEN INSTRUMENTS.

1. An appeal from a decree dismissing a bill for specific performance, *dismissed* upon the ground that the record was too defective to enable the court to pass a decree with respect to the title of the property involved.

2. The proper construction of a written instrument always depends upon the context of the whole, and a court is not justified in construing an instrument where only brief extracts are submitted to it.

No. 387.   Submitted January 15, 1895.   Decided April 1, 1895.

HEARING on an appeal by the complainant from a decree dismissing a bill for specific performance.   *Appeal dismissed.*

The facts are sufficiently stated in the opinion.

*Mr. Marion Duckett* for the appellant.

*Mr. Elbert Dent* for the appelle.

Mr. Chief Justice ALVEY delivered the opinion of the Court :

This case is presented to this court on a record so radically defective in essentials to enable the court to pass a definite decree with respect to the title to the property in question, that we cannot do otherwise than dismiss the appeal, and thus allow the decree of the court below to stand.

The bill of complaint is exceedingly brief, and contains but few allegations of fact.   It was filed by the appellant, James Fishback, against the appellee, William P. Reeves, for specific performance of a contract of sale and purchase of two parcels of real estate.   It is alleged that the appellant covenanted, upon payment of the purchase money by

the appellee, that is to say, the sum of $5,000 *in solido*, for the two parcels of ground, that he would convey to the appellee a good and perfect record title in fee simple to the two parcels of ground ; and that he tendered the deed and demanded the money, but the appellee refused to comply with the agreement, upon the ground, as asserted by him, that the title of the appellant to the two parcels of land as conveyed to him, the appellant, was not good.    The bill, however, does not attempt to show in what particular the title to either of the parcels of ground was supposed to be defective, or that such supposed defect did not in reality exist.    There is no answer of the appellee in the record, nor is there any testimony produced ; and the case is submitted on the brief of the appellant, concurred in by the counsel for the appellee.

There are several questions suggested upon which the opinion of this court is sought to be obtained ; but, as we have already said, we have not sufficient data before us, nor have we the proper parties to justify the making a definitive decree as to the title to the property.

In the first place the court is asked to construe two deeds rom John H. Wheeler to Woodbury Wheeler, in trust, and which deeds are supposed to contain conflicting limitations of estates ; and also to construe the will and codicil of John H. Wheeler, in reference to the title of the property in question; and yet there are nothing but mere brief excerpts from those instruments inserted in the record—such as would not for a moment justify the court in determining the true construction of the instruments, either deeds or will, which must always depend upon the context of the whole instrument.

Then, again, this court is asked to pass upon and determine the question of jurisdiction of the Supreme Court of the District of Columbia, to pass a decree affecting, and, as contended, divesting the rights of infant children of Woodbury Wheeler, in part of the property in question, and yet neither the bill, nor the proceedings thereon, except the

decree, are set out in the record, that it may be seen for what the bill was filed. The decree simply directed a sale of the property, but does not disclose on its face for what object the bill was filed. And more material still, the infant defendants sought to be divested of their estate by that proceeding, are not parties to the present proceeding. The learned justice below, who decided the present case, concluded that there was no jurisdiction in the court to pass the decree divesting the minor children of their rights in the property. But whether he was right in that respect or not, assuming the facts to be as he found them to exist in regard to the title, he was clearly right in dismissing the bill. We shall, however, in view of the condition of the record before us, dismiss the appeal, and it is so ordered.

*Appeal dismissed, with costs to appellee.*