## WANN v. METROPOLITAN LIFE INS. CO.
### No. 1279—5737.

Commission of Appeals of Texas, Section B.
July 22, 1931.

McLean, Scott & Sayers and Mack & Mack, all of Fort Worth, for plaintiff in error.

Vinson, Elkins, Sweeton & Weems and Fred R. Switzer, all of Houston, for defendant in error.

LEDDY, J.

On May 5, 1925, defendant in error issued its group policy No. 2000G to the Southern Pacific Company, and on the same date issued its certificate No. 79350 to plaintiff in error, William Charles Wann, reciting that, subject to the terms and conditions of the group policy aforesaid, he was insured in the sum of $250. On September 12, 1925, said company issued its rider No. 7938 showing that the amount of said insurance was increased to $2,500.

Plaintiff in error, while engaged in the performance of his duties as an employee of the railway company, to whom was issued the above group policy, sustained certain injuries which he claimed totally and permanently incapacitated him from performing any labor. Subsequently he brought this suit to recover the compensation provided in said policy for this character of disability. In paragraph 2 of his petition, the insurance contract relied upon is thus described: "That heretofore, on the 5th day of May, 1925, the defendant insurance company contracted, covenanted and agreed in writing to insure William Chas. Wann, one of the plaintiffs, against bodily injury and disease contracted while said insurance was in force and effect, thereby resulting in total and permanent disability; that said certificates of insurance were issued on the consummation of said contract, said certificates being numbered 79350 and 79350a,

Group Policy No. 200-G and Group Policy No. 2000; that said certificates, as stated, were issued to plaintiff on the 5th day of May, 1925, and provided that in the event said William Chas. Wann did sustain injury by which and as a result thereof he became totally and permanently disabled, or if the plaintiff William Chas. Wann, contracted disease by which he became totally and permanently disabled that said insurance corporation agreed, upon proof and the receipt of proof of such disability, to pay unto the said William Chas. Wann monthly installments at the rate of $86.25 per month until the full and entire amount provided for by the terms of said policy, to-wit, $2587.50, as specified in the contract, had been and was fully paid up."

Upon the trial plaintiff in error offered in evidence the certificate and rider evidencing his right to disability benefits under the group policy. The certificate reads as follows:

"Metropolitan Life Insurance Company

"Incorporated by the State of New York

"A Mutual Life Insurance Company

"Serial No. 79350

"This Is To Certify

"That under and subject to the terms and conditions of Group Policy No. 2000G William Charles Wann an employee of Southern Pacific Lines in Texas and Louisiana (herein called the employer) is insured for Two Hundred Fifty Dollars.

"If death occur while the employee is in the employ of the employer, or prior to the next monthly premium due date of the Group Policy following the date of discontinuance of employment, the amount of insurance in force on said employee, in accordance with Group Policy as above, will be paid to Agnes Wann, Beneficiary.

"The right to change the Beneficiary is reserved.

"No assignment by the employee of the insurance under the above Group Policy is valid.

"Privilege of Continuance.

"In the event of the termination of the employment for any reason whatsoever, the employee shall be entitled to have issued to him by the Metropolitan Life Insurance Company, without further evidence of insurability, and upon application made to that Company within thirty-one days after such termination, and upon the payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the Policy at his then attained age, a Policy of life insurance in any one of the forms customarily issued by such Company, Term Insurance excepted, in an amount equal to the amount of his protection under the Group Insurance Policy at the time of such termination.

"Metropolitan Life Insurance Company. New York, May 5, 1925.

"Form C707 S. P. Certificate F. H. Ecker, President.

"Dec. 1923"

There is printed on the back of Exhibit 1 the following:

"Total and Permanent Disability Benefits

"Any employee shall be considered as totally and permanently disabled who furnishes due proof that, as the result of bodily injury suffered or disease contracted while his insurance was in force and prior to his sixtieth birthday, he is permanently, continuously and wholly prevented thereby from performing any work for compensation or profit.

"Upon receipt of due proof of such disability, the Metropolitan Life Insurance Company will pay to such employee, in lieu of the payment at death of the said insurance on the life of such employee, equal monthly installments based on the amount of insurance in force on such employee at the date of receipt of proof of such disability, as shown in the following table:

| "Amount of Insurance | No. of Monthly Instalments | Amount of Each Instalment |
|---|---|---|
| $ 250 | 5 | $50.00 |
| 500 | 10 | 50.35 |
| 1,500 | 30 | 51.75 |

"For amounts of insurance in excess of $1,500 the same number of instalments (30) on the basis of $34.50 monthly for each $1,000 of insurance.

"Such instalment will be made only during the continuance of such disability.

"In the event of the death of such employee during the period of total and permanent disability, the present value of any installments remaining unpaid shall be paid, in one sum, to the designated beneficiary.

"This Certificate is valuable to you, and should be kept in a very safe place, known to your beneficiary."

The rider attached to the certificate provided:

"Metropolitan Life Insurance Company

"Subject to the Terms and Conditions expressed in Policy No. 2000G Serial No. 79350-A, the amount of Insurance on the life of William Charles Wann an employee of Southern Pacific Lines in Texas and Louisiana has been increased Twenty Two Hundred Fifty Dollars.

"New York September 12, 1925
                "Haley Fiske, President.

"(Effective Date) Form G.76B S. P. T. L. Nov. 1927 GHT"

The group policy referred to in the certificate and rider was not offered in evidence, nor was any effort made to prove its contents.

But one issue was submitted to the jury, and in response thereto a finding was made that plaintiff in error, William Charles Wann, by reason of the injuries sustained, was permanently, continuously; and wholly prevented "from the substantial performance of any work for compensation or profit for which he was otherwise fitted." Upon this finding judgment was entered for the insured against defendant in error for the amount provided in the certificate aforesaid.

Upon appeal the Court of Civil Appeals, 28 S.W.(2d) 196, held that the certificate and rider issued to plaintiff in error constituted a complete contract of insurance. The judgment in his favor was reversed and rendered in favor of the insurance company by that court, upon the ground that the evidence failed to establish plaintiff in error was totally and permanently disabled within the meaning of the provisions of the certificate. Both parties have been granted writs of error.

Defendant in error insists that the Court of Civil Appeals erred in holding that plaintiff in error was entitled to recover under the certificate and rider introduced in evidence without proof of the contents of the group policy because the former showed upon their face that they were issued merely for the purpose of evidencing the right of the insured to participate under the terms of the latter policy and were therefore subject to all of its terms and conditions.

It appears that the insurance company entered into a contract with plaintiff in error's employer to insure its employees under terms mutually agreeable to both parties. Under this contract a policy was issued and delivered to the employer containing the terms and conditions under which the insurance was to be effective. The insurance company then issued its certificates to the various employees intended to be covered by the group policy, which evidenced their right to participate in this insurance upon the terms and conditions outlined in said policy. Under such contract the certificate issued to the plaintiff in error did not constitute the complete contract of insurance. It merely evidenced his right to participate in the insurance provided by his employer under the terms and conditions imposed in the group policy when construed in connection with the certificate. Carruth v. Ætna Life Ins. Co., 157 Ga. 608, 122 S. E. 226, 230; Seavers v. Metropolitan Life Ins. Co., 132 Misc. Rep. 719, 230. N. Y. S. 366, 370.

The certificate delivered to plaintiff in error provides in plain and specific language that he is insured subject to the terms and conditions of the group policy issued to his employer. It recites: "This is to certify that under and subject to the terms and conditions of group policy No. 2000G William Charles Wann, an employe of the Southern Pacific lines in Texas and Louisiana (herein called the employer) is insured for Two Hundred Fifty Dollars."

In the rider attached to the certificate the reference to the group policy is likewise clear and explicit in its provisions. It is provided: "Subject to the terms and conditions expressed in Policy No. 2000G the amount of insurance on the life of William Charles Wann * * * has been increased Twenty Two Hundred Fifty Dollars."

Plaintiff in error's cause of action, as disclosed by his pleading, was based upon the issuance of the group policy. Obviously he was not entitled to recover by merely offering in evidence the certificate and rider attached thereto. These instruments disclose upon their face that they were not intended to and do not constitute a complete contract of insurance. Even if he had predicated his cause of action solely upon the certificate and rider, without any reference to the group policy, a recovery would not have been authorized when it was shown by the express terms of these instruments that they constituted but a part of an indivisible contract.

It is argued that the certificate with rider attached issued to Wann was so complete in its terms that it was not essential for him to establish the provisions of the group policy. The parties to this contract expressly agreed that plaintiff in error was insured subject to the terms and conditions of the group policy. However complete the terms of the certificate may appear to be, the fact remains that the parties agreed it should be subject to the terms and conditions of another instrument. In the face of such an agreement plaintiff in error had no right, without the consent of the insurance company, to change this contract so as to entitle him to recover without regard to the terms and conditions of the policy expressly made a part of the contract. The terms of the certificate may have been materially modified by stipulations contained in the group policy.

In order for plaintiff in error to set up a cause of action under the terms of the certificate, it was incumbent upon him to allege and prove that the provisions of the group policy, when construed in connection with the certificate and rider, entitled him to recover for the disability resulting from the injuries sustained in the service of his employer.

In a similar situation the Supreme Court of Georgia, in the case of Carruth v. Ætna Life Ins. Co., before cited, decided that the certificate issued to an employee and the group policy constituted an indivisible contract and that recovery could only be had under the entire contract. In discussing this question, the court said: "The policy and the certificate are interlocked like the Siamese twins. Contemporaneous instruments, each affecting and controlling the same subject-matter, to wit, insurance of the life of an employee of the

Lanette Cotton Mills by the Ætna Life Insurance Company, the two writings may be considered as essential, indivisible parts of one contract."

In Seavers v. Metropolitan Life Ins. Co., cited supra, an employee who held a certificate which entitled him to participate under a group policy issued to his employer claimed the right to adopt his own method of changing the beneficiary because the certificate which evidenced his right to benefits under the group policy was silent in this respect. It was held, however, that, inasmuch as the certificate was issued to him subject to the terms and conditions of the group policy, its provisions for changing the beneficiary must be followed. In passing upon the question, the court said: "The certificate is required as evidence of the contract and to apprise the insured of his rights thereunder. The provisions of the statute bear no other interpretation. The statements in the certificate follow the direction of the statute, and this instrument does not purport to be the contract of insurance. The company certifies that the employee is insured 'under and subject to the terms and conditions of group policy No. 468G.' The language of the certificate is plain and unmistakable. There can be no complaint of vagueness of expression or subtle avoidance of clarity."

The doctrine announced in the foregoing cases is but the application of the familiar rule of construction that, where an instrument refers in specific terms to another instrument in such a way as to show a clear intention to make it a part of the contract, both instruments must be introduced in evidence before a recovery can be had thereunder. Spande v. Western Life Indemnity Co., 61 Or. 220, 117 P. 973, 122 P. 38; Bradstreet v. Rich, 74 Me. 303; Casey v. Holmes, 10 Ala. 776; 13 C. J. 757.

We do not deem it proper to pass upon the question as to whether or not plaintiff in error was shown to be totally and permanently disabled within the meaning of the language of the certificate, as upon another trial the certificate must be construed in connection with the terms and provisions of the group policy.

We therefore recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and the cause remanded for another trial.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.