## AMERICAN INS. CO. v. HOPKINS.
### No. 11852.

Court of Civil Appeals of Texas. Dallas. Dec. 14, 1935.

Rehearing Denied Jan. 11, 1936.

Thompson, Knight, Baker & Harris and Hubert W. Smith, all of Dallas, for plaintiff in error.

Jesse F. Holt, of Sherman, for defendant in error.

BOND, Justice.

A. G. Hopkins, defendant in error, plaintiff in the trial court, filed this suit against the plaintiff in error, defendant in the trial court, to recover damages sustained by reason of the destruction by fire of a dwelling house, servant house, garage, Delco light plant, and a certain amount of grain, all covered by a fire insurance policy issued by the defendant; and also for $112.53 storm loss, sustained by reason of a storm policy issued by the defendant. For brevity, we shall hereinafter refer to the parties as in the trial court.

The plaintiff alleged that on November 12, 1932, the defendant issued two policies of insurance: A storm policy insuring the plaintiff against loss by storm, on the buildings and personal property described in the petition; and, the other, a fire policy insuring the plaintiff against fire loss on the same property. Hereafter, we will refer to these policies as "storm policy" and "fire policy," respectively.

It was further alleged that the total premium for both of the policies was $116.65, of which $89.90 was for the fire policy and $26.75 was for the storm policy; that one-third of the agreed premium was paid in cash and the balance divided into two equal payments, one half of which was covered by note, due August 1, 1933, and the other half was by note due June 1, 1934. On May 14, 1933, plaintiff sustained a storm loss, by reason of which defendant became indebted to him in the sum of $112.53, which loss has not been paid; that when the first premium note for $38.88 became due, August 1, 1933, the defendant was then indebted to plaintiff in the sum of $112.53, which was and is much more than both of said premium notes, and by reason of which the premium notes were, in fact, paid; that the notes and also the policy recited the obligation of the defendant to apply any loss due to the insured by the insurer to the liquidation of the premium notes; and that, regardless of such provisions, it was the defendant's duty to do so. On the 5th day of September, 1933, a fire completely destroyed the dwelling house, servant house, garage, etc., to plaintiff's loss, in the sum of $1,537.50.

The defendant answered with a general demurrer and general denial, and further pleaded specially that the assured executed the notes for the payment of the premium on the fire policy; that the notes specially provided that, if the notes were not paid when due, the policy should lapse; that the note maturing August 1, 1933, was not paid at maturity; and that, therefore, the fire policy was not in force and effect at the time of the fire.

The case was tried to the court, without a jury, resulting in judgment being entered in favor of the plaintiff and against the defendant for the principal sum of $1,572.34, being the loss sustained by both the storm and fire policy, less the amount of the premium notes.

As indicated by the pleadings, in the court below the main contention of the defendant was that the premium note due August 1, 1933, was not paid at maturity; therefore, in accordance with the provisions of the note and also the policy of insurance, the policy lapsed and was not in force at the time of the fire. On this issue, the trial court made findings of fact, which we adopt as the findings of this court, that: "When the premium note which was due August 1, 1933, came due, plaintiff's loss, under the storm policy, had not been paid, nor had the extent nor amount thereof been fully determined, but the defendant owed the plaintiff on said storm loss the sum of $112.53, presently payable, while the premium note due August 1, 1933, was only $38.88, and the aggregate of both notes was only $77.66."

With practically unanimity, the courts throughout the country declare that, where an insurance company is indebted to an insured, at the time a premium note matures, for more than enough to

pay the premium note, it is the duty of the insurance company to apply the amount that it owes to the assured, in payment of the premium note, and thus prevent a forfeiture of the policy. Timmerman et al. v. Bankers' Reserve Life Co., 122 Tex. 603, 63 S.W.(2d) 687; North American Accident Insurance Co. v. Bowen (Tex. Civ.App.) 102 S.W. 163, 167.

■ The evidence in this case is undisputed that on May 14, 1933, while the storm policy was in full force and effect, a windstorm damaged the insured's property; that plaintiff, in due time and as provided by the policy, submitted to the defendant proofs of loss; and that on August 14, 1933, the loss was fully adjusted between the plaintiff and the defendant, showing an amount due to be $112.53. There is no contention, either in pleadings or evidence, that at the maturity date of the premium note August 1, 1933, the defendant was not liable to the plaintiff for the amount of the loss he sustained under the storm policy, and that the loss was not in excess of the aggregate amount of the two premium notes. In fact, after the fire, which occurred on September 5, 1933, the defendant tendered to the plaintiff checks in payment of the loss he sustained by reason of the storm, which were refused because of a then pending controversy arising under the fire policy.

We think it would be inequitable for the insurance company to forfeit the fire policy, when it held funds belonging to the assured, which admittedly, on the trial of this cause, exceeded the premium notes. The mere fact that the insured and the insurer had not arrived at an adjustment of their differences, whatever the differences may have been, until thirteen days after the maturity of the first note, does not, in our opinion, detract from the fact that, at the time the premium note was due, the insurance company was then indebted to the insured in an amount in excess of the note.

No showing, on the trial of this cause, is made why the storm loss was not adjusted and paid by the insurance company before the maturity date of the premium note, or before the fire.

In the case of North American Accident Insurance Co. v. Bowen, supra, decided by this court, and in which the Supreme Court denied a writ of error, it appears that the insurance company, as here, was liable to Bowen for a prior loss, and the extent of the liability had not been determined; but was sufficient to pay the remaining premium notes owed by Bowen. The court held that it was the duty of the company to apply so much of the sum due to the unpaid notes as was necessary to prevent a forfeiture of the policy. Quoting from the opinion, the court said: "The fact that the exact amount for which the plaintiff in error was liable for the accident of November 16, 1903 [the *prior* accident], was undetermined at the date the extension of the second and third notes expired, and the date the fourth note matured, should not vary the rule. Such amount was capable of being made certain and was definitely ascertained upon the trial of this cause."

Similarly, this court, in the case of Royal Fraternal Union v. Stahl, 126 S.W. 920, held that an amount due for prior sick benefits, the extent of which not having been definitely determined, should be applied by the insurance company to dues then accruing, thus preventing a forfeiture.

■ Forfeitures of insurance policies are not favored by law, and courts will decline to enforce them whenever it is against equity and good conscience to do so. We think, in this case, it would be unequitable and unjust under the circumstances to hold the insurance forfeited for nonpayment of the premium note, when the evidence shows that the insured had suffered a prior loss, which amount was subsequently made certain and definite and, upon the trial of this cause, admittedly in excess of the amount of the note.

■■ The defendant next assigns error in the trial court rendering judgment for the plaintiff, for the reason that the policy of insurance sued upon specifically provides that the insurance company shall not be liable for loss caused, directly or indirectly, by invasion, insurrection, riot, civil war, explosion, lightning, etc.; and, that there is no evidence in the record showing the cause of the fire, or that it was caused under circumstances exempting the insurance company from liability.

It will be noted that plaintiff's petition does not refer to the exceptions provided in the policy, neither does it make the policy a part of the pleading. The insurance company's answer does not allege the exemptions; neither does its general demurrer invoke a ruling of the trial court

on the plaintiff's failure to allege the excepting clauses of the contract. Plaintiff's petition and the defendant's answer thus joined issue on a stated cause of action on a policy of the insurance which stipulates generally for insurance against loss by fire. Under this state of the pleadings, we think the plaintiff was not required to plead or prove that his loss did not fall within any of the special exceptions of the policy. The petition, clearly, is good against general demurrer, and the failure of the defendant to, in some manner, present the question to the trial court, waived the issue.

The general rule, as recognized by our Supreme Court and enforced in this state, is that, where the general liability of the insurer is limited by the terms of the policy, the burden is on the insured to both allege and prove that the loss sustained by him comes within the general liability assumed by the insurer and, in addition, that it does not come within any of the excepted clauses. American Insurance Co. v. Maddox (Tex.Civ.App.) 60 S.W.(2d) 1074. There can be no question of the soundness of the general rule, but it does not, however, decide the question involved on this appeal, which is raised here for the first time. We think, in the absence of pleading, or some action of the court on defendant's general demurrer, the sufficiency of the ·petition, therefore, must be determined from the allegations therein, without reference to the policy.

There are several cases decided by the courts of this state, in which a similar principal has been applied. In the case of Lloyds America v. Payne et al., 85 S.W. (2d) 794, the Waco Court of Civil Appeals held that, where the policy of insurance was not attached to the petition, nor was there any allegation of any of the excepting clauses, the above general rule of pleading and proof does not apply.

Similarly is the holding in Superior Fire Insurance Co. v. Roberts, 84 S.W.

(2d) 810, 812, decided by this court, in which we had occasion to state: "Plaintiff's petition alleged a cause of action, and was not excepted to on the ground that the contract sued upon was not sufficiently pleaded; and the general demurrer plead by defendant, not having been acted upon, was waived; so we are brought to the identical situation presented in Phœnix Ins. Co. v. Boren, 83 Tex. 97, 18 S.W. 484, where the Supreme Court said that while the petition should have alleged that the fire was not the result of a cause for which the company had expressly refused to be liable, yet, as the defendant failed to call for action upon its demurrer, it waived the defect in the pleading."

See, also, Westchester Fire Ins. Co. of New York v. Cannon, 79 S.W.(2d) 920, 922, by the Fort Worth Court of Civil Appeals. In that case, as here, the general demurrer was not called to the court's attention, and the court said: "Independent of this statement of the law [the general rule], it will be noted that appellant's general demurrer was not called to the attention of the court and no order was rendered thereon. It was therefore waived. Phoenix Ins. Co. v. Boren, 83 Tex. 97, 18 S.W. 484."

So, we conclude that defendant's propositions covered by this assignment of error do not apply in cases in which the petition does not show that the insurance company is exempted from liability from loss resulting from specific causes listed in the policy; and that, furthermore, the failure of the plaintiff to so plead or call the structural defect to the attention of the trial court, the issue is waived by the defendant. This court is not required to exercise its jurisdiction, in searching the statement of facts, to ascertain fundamental error; the pleading presents none, and the judgment follows the pleading.

We overrule defendant's assignment of error; the judgment of the lower court is affirmed.

Affirmed.