## HECKERT v. AMERICAN CASUALTY CO.

### No. 12692.

Court of Civil Appeals of Texas. Dallas.

May 6, 1939.

John A. Ford, of Dallas, for appellant.

J. G. Whitaker, of Dallas, for appellee.

YOUNG, Justice.

Appellant brought suit in the trial court upon a health policy, with indemnity of $6 per day for confining sickness and $3 per day, if non-confining, over limited periods. Appellee having filed no brief, the statement of the case contained in appellant's legal brochure will be taken as correct. 1 Tex.Jur.Supp.(1937), Appeal and Error, Civil Cases, Sec. 650, p. 267. We glean therefrom that plaintiff sought a recovery, with evidence tending to support, for 61 days of aforesaid confining sickness and 14 days of additional non-confining sick disability, or a total claim of $408.

The provisions of the policy material to this appeal are embraced in Article 5(A) and 5(B); also, as restricted by the terms of Article 10, section 18 thereof. These parts are quoted:

"Article V-(A) If such sickness independently and exclusively of all other causes necessarily and continuously confines the insured within doors and totally disables him from performing each and every kind of duty pertaining to any occupation, the Company will pay the Daily Sickness Indemnity, as shown herein, for the period of such total loss and continuous confinement not to exceed one hundred twenty consecutive days."

"(B) If such sickness does not necessarily confine the insured strictly within doors but independently and exclusively of all other causes, totally and continuously disables him from performing any and every kind of duty pertaining to any occupation, the Company will pay for the period of such non-confining sickness, fifty per cent (50%) of the Daily Sickness Indemnity, not to exceed thirty consecutive days."

"Article X-(18) The indemnity under this policy, fatal or otherwise for any injury or sickness received directly or indirectly as the result of, or that is contributed to by, homicide, paralysis, tuberculosis, heart diseases, kidney or bladder diseases, high blood pressure, appendicitis, influenza, rheumatism, malaria, insanity, diabetes, neaurasthenia, epilepsy, neuritis, goiter, tumors, shall be payable at fifty per cent of the amount otherwise payable and for a period of time not to exceed that allowed for non-confining illness."

In a jury trial, their answers to pertinent issues were (omitting formal parts):

"Special Issue No. 2: Do you find and believe from a preponderance of the evidence that the plaintiff, Frank H. Heckert, became sick on or about January 4, 1937? Answer: Yes.

"Special Issue No. 3: Do you find and believe from a preponderance of the evidence that such sickness, independently and exclusively of all other causes, necessarily and continuously confined the plaintiff within doors and totally disabled him from performing each and every kind of duty pertaining to any occupation? Answer: Yes.

"Special Issue No. 4: From a preponderance of the evidence for what period of time if any, do you find such sickness extended? Answer: 75.(days).

"Special Issue No. 5: Do you find and believe from a preponderance of the evidence that during the sickness as asked about in the foregoing issues that the plaintiff was regularly attended by a legally qualified physician at least once in each six days? Answer: Yes.

"Special Issue No. 6: Do you find from a preponderance of the evidence that the sickness as inquired about in the above issues was directly or indirectly the result of or was contributed to by, nephritis or kidney trouble? Answer: Yes.

"Special Issue No. 7: On what date was the sickness directly or indirectly the result of or contributed to by, nephritis or kidney trouble? Answer: Feb. 8, 1937."

Upon plaintiff's motion for judgment and defendant's motion non obstante veredicto, judgment was rendered for $90 on the latter's insistence that its liability on the whole of the evidence was limited to such amount, from which plaintiff has appealed.

▬▬ The contention of appellee Insurance Company (as shown by its allegations in above motion) was that, in both preliminary statement of illness and the final statements signed by plaintiff and Dr. J. A. Jacotel, his physician, the illness, from its inception, was in the nature of broncho-pneumonia and nephritis (kidney trouble), and that perforce of the limitations of section 18, already quoted, defendant's total liability, as a matter of law, was $3 per day for a maximum of 30 days, or $90. We conclude that the record does not sustain the theory just mentioned, on which the learned trial judge evidently proceeded. There was testimony to the jury from both the medical witness and the plaintiff, that symptoms of nephritis did not appear in his continued illness until March 6th. The jury could have properly found, as they did, that such complication or kidney trouble began on the date of the first or preliminary report of illness (February 8, 1937), as inferences to such effect are reasonably deducible therefrom. We think the testimony of plaintiff did not justify the trial court, as a matter of law, in concluding that claimant's sickness from the beginning resulted directly or indirectly from kidney trouble, or nephritis, thereby restricting the liability of defendant under the policy to the provision of section 18 alone. No elements of estoppel were involved in plaintiff's somewhat inconsistent statements, of when the particular malady of nephritis became evident or predominant. Malone v. Republic National Bank & Trust Co., Tex.Civ.App., 70 S.W.2d 809. It is the jury's province, of course, to reconcile inconsistencies in the testimony of any witness. Norwich Union Indemnity Co. v. Wilson, Tex.Civ. App., 17 S.W.2d 68, 76. Hence, the trial court could not disregard the jury answer to issue No. 7 above, nor render judgment counter thereto. Based on the jury verdict herein arrived at from testimony in the record, we conclude plaintiff's recovery should be for 35 days confining sickness at $6 per day, under Article 5(A) of the contract and 30 days for nephritis or kidney trouble (non-confining), under Article 5(B) and section 18—a total judgment of $300—and such should have been the final order of the trial court. Judgment is accordingly reformed that appellant, Frank H. Heckert, recover from appellee, American Casualty Company, the sum of $300, with interest at six per cent. from January 31, 1938, and, as reformed, is in all respects affirmed.

Reformed and, as reformed, affirmed.