## BLUE BONNET LIFE INS. CO. v. REYNOLDS.

### No. 2127.

·Court of Civil Appeals of Texas. Eastland.

April 11, 1941.

Rehearing Denied May 2, 1941.

Cofer & Cofer, of Austin, for appellant.
J. M. Parker, of Gorman, for appellee.

GRISSOM, Justice.

Della Reynolds instituted this suit against Blue Bonnet Life Insurance Company upon a policy issued by said company to her deceased husband, W. E. Reynolds, in which she was named as beneficiary. The judgment was for the plaintiff for $1,000 and defendant has appealed.

Plaintiff alleged in substance that on June 6, 1932, defendant "in consideration of the payment by W. E. Reynolds to it of the required premium, assessment, or first payment, and of the further sum of $1.50 to be paid each month during the life of W. E. Reynolds", executed and delivered to W. E. Reynolds its policy of insurance, whereby it insured the life of said W. E. Reynolds in

the sum of $1,000 for the benefit of plaintiff, as shown by the policy, alleged to be copied in the petition. The petition then set forth a portion of the policy issued by Home Benevolent Society in the amount of $1,000, stating the assessment basis to be $1.50 per month, and reciting that in consideration of the application of W. E. Reynolds "and conditions herein which are understood and agreed to be a part of this contract, agree to pay to Della Reynolds (wife) as beneficiary, * * * within ninety days after receipt * * * of satisfactory proof of the death of the insured $1,000 * * * Subject to the rules, regulations and conditions hereinafter set out." There followed provisions relative to old age disability benefits and accident benefits which are not relevant. The policy then contained the following provisions:

"This certificate together with the application, by-laws, endorsements, and attached papers, if any, approved by an executive officer, constitutes the entire contract.

"Failure to make prompt payments of all assessments, at the Companies office under the rules as set forth in the application and by-laws hereof shall void this certificate. * * *

"This certificate becomes effective upon delivery only and while the member is in sound health and not before."

Relative to assessments, the policy provided that the Board of Directors should levy an assessment of $1.50 each month during the life of the member. It recited that the policy was issued "upon an application heretofore filed in the office of this society and is subject to the provisions set forth on the reverse side hereof, which forms a part of this contract as fully as recited over the signatures hereto affixed, and said application and the by laws of this society are a part of this contract." The policy further provided that it should be incontestable from date of issuance, except for fraud or nonpayment of assessments. The petition alleged that W. E. Reynolds died February 6, 1940, and at the time of his death all of the assessments due on the policy had been paid; that Reynolds had in all respects complied with the conditions and provisions of the policy; that within the required time after his death, to-wit, about February 6, 1940, the plaintiff gave defendant notice and proof of the death of W. E. Reynolds, and demanded payment of the sum of $1,000; that payment had not been made; that the Home Benevolent Society had, in 1934, duly changed its name to Blue Bonnet Life Insurance Company.

The defendant answered, among other things, that it was a state wide mutual assessment insurance company, incorporated under a pre-existing law in Texas, and was so operating prior to January first, 1933, and, generally, that it had complied with the laws relative to such a company and is now operating under Art. 4859f, Vernon's Ann. Civ.St. Defendant denied that the entire contract of insurance was set out in the petition and alleged that among the general provisions constituting a part of the contract were the following: "9. All claims under this certificate shall be submitted in writing within a reasonable time. If the insured shall within one year of the date of reinstatement after lapse thereof, die of any form of the following diseases: heart disease, kidney trouble, tuberculosis, cancer, high blood pressure, or a complication thereof, * * * then the society shall be liable for the payment of only one-fourth of the amount provided for herein, and one-half the principal sum should death occur during the second certificate year from any of the above causes."

The defendant further alleged that on October 5, 1939, deceased owed a monthly premium and assessment in the sum of $1.50 and failed to pay it and that the policy lapsed on October 6, 1939. That on October 18, 1939 deceased executed an application for reinstatement on a blank furnished by the defendant in which application there was the following recital: "Blue Bonnet Life Insurance Company, San Antonio, Texas I herewith re-affirm the truth of all answers and statements contained in my original application; and warrant that I am at this time in good health, and am not afflicted with or suffering from any disease, chronic or otherwise."

That fifteen days prior to October 5, 1939, defendant sent deceased notice of the premium or assessment due October 5. The defendant alleged that in the reinstatement application deceased warranted that on October 18, 1939, "he was in good health and not afflicted with any chronic diseases or otherwise." That said "representations and warranties" were false and material to the acceptance of the risk "by which" deceased was reinstated; that deceased was then suffering from heart disease, to-wit, chronic myocarditis; that deceased then knew he was suffering from said disease, and his false representations rendered the

reinstatement void and defendant was not indebted on said contract of insurance in any amount.

Defendant alleged, in the alternative, that if deceased was not then suffering from heart trouble, that heart trouble was the cause, or contributing cause, of his death on February 6, 1940; that insured's death occurred within one year from the reinstatement of the policy and under its provisions the defendant, at most, was not liable for more than one-fourth of the face of the policy; that within sixty days of the death of insured, defendant refused to approve the claim on the ground that according to the sworn statement of the attending physician the cause of insured's death was influenza and chronic myocarditis; that defendant at said time offered to pay one-fourth of the policy.

Defendant's first proposition is to the effect that the evidence is insufficient to support the judgment because plaintiff failed to introduce the entire contract of insurance. Specifically, it is contended that under the provisions of the policy and section 10 of Art. 4859f, the by-laws were a part of the insurance contract and plaintiff can not recover without introducing the by-laws in evidence and that the introduction of the policy without introduction of the by-laws was insufficient to sustain the judgment.

The policy was issued in 1932. The application, if any, was not attached to the policy. The provisions of the by-laws, if any, that might be applicable or pertinent are not shown. The defendant relies upon the opinion in Wann v. Metropolitan Life Ins. Co., Tex.Com.App., 41 S.W.2d 50, 52. That and the instant case are clearly distinguishable upon the facts. In the Wann case "a policy was issued and delivered to the employer containing the terms and conditions under which the insurance was to be effective. The insurance company then issued its certificates to the various employees intended to be covered by the group policy, which evidenced their right to participate in this insurance upon the terms and conditions outlined in said [group] policy." Relative to the certificate delivered to Wann the court said: "It merely evidenced his right to participate in the insurance provided by his employer under the terms and conditions imposed in the group policy when construed in connection with the certificate." The court further said that the plaintiff's pleadings in the Wann case and the cause of action there asserted was based upon the issuance of the group policy to the employer. No such situation exists in the instant case. Here the policy of insurance was issued and delivered to the deceased and was sufficient in itself to show the essentials of a contract and did not, as apparently did the certificate in the Wann case, refer to a group policy or similar instrument, as containing the terms and conditions under which the insurance was to be effective. The policy issued to deceased did not, as did the certificate in the Wann case, merely evidence deceased's right to participate in the insurance provided by another under the terms and conditions of a policy issued and delivered to another.

In Williston on Contracts, vol. 2, p. 1287, it is said: "Where, however, a bond or similar obligation is not penal, so that unless the promisor performs the condition, full recovery can be had upon the obligation, according to its terms, the burden is still upon the defendant, whereas in the case of a condition precedent the plaintiff must set out the condition as well as the promise, and must allege and prove the happening of the condition in order to establish the defendant's breach of contract. The application of this principle to insurance policies is frequent, and the law has been thus stated: 'Those clauses usually contained in policies of insurance, which provide that the policy shall become void, or its operation defeated or suspended, or the insurer relieved wholly or partially from liability, upon the happening of some event, or the doing, or omission to do some act, are not in any proper sense conditions precedent. If they may properly be called conditions, they are conditions subsequent, and matters of defense, which, together, with their breach, must be pleaded by the insurer to be available as a means of defeating a recovery on the policy; and the burden of establishing the defense, if controverted, is, of course, upon the party pleading it.'"

In Benanti v. Delaware Ins. Co., 86 Conn. 15, 17, 84 A. 109, 110, Ann.Cas.1913D, 826, the court said: "It is no part of an insured's duty to negative a condition subsequent. The authorities are practically agreed in holding that the burden of proving the fraud is on the insurer."

In Ramsey v. Wahl, Tex.Com.App., 235 S.W. 838, 839, the court said: "While in a suit for breach of a written contract it is necessary to correctly allege all the provi-

sions of the contract essential to the cause of action declared upon, it is not necessary to set out other provisions which in no way qualify or alter the provisions alleged to have been breached."

■ "Matter of allegation need be proved only in substance, and only so much thereof as makes out a legal claim." 13 C. J. 747, sec. 906.

"In accordance with the general rules which relate to the burden of proof in other civil actions on contracts, the burden is on plaintiff to prove every fact in issue which is essential to his cause of action or right of recovery including his right to sue on the policy. But plaintiff is not required to produce evidence negativing matters of defense set up by defendant, and if he proves sufficient facts to make out a prima case, or if defendant admits all the facts necessary to establish such a case, the burden is then on defendant to prove all matters of affirmative defense set up by it, such as the fact of forfeiture of the policy, or to adduce evidence in rebuttal of plaintiff's prima facie case, especially in regard to matters which are peculiarly within its knowledge." 33 C.J. p. 105, sec. 824. Also see 17 C.J.S., Contracts, § 566, p. 1199.

In Sovereign Camp, W. O. W. v. Rivera, Tex.Civ.App., 110 S.W.2d 1213, 1216, it was held that the burden was upon the insurer to plead and prove any defense relied upon which is provided for in its by-laws and which does not appear in the face of the policy.

In Supreme Council of A. L. of H. v. Anderson, 61 Tex. 296, it was held by the Supreme Court of Texas, and has been consistently followed ever since, that in a suit upon an insurance policy which did not bind the insurer absolutely to pay $5,000, but only to pay out of its funds an uncertain amount, not to exceed $5,000, it was not the duty of the beneficiary therein to show by his pleadings and proof just what amount he was entitled to recover, and that if the books and papers of the defendant insurance company revealed that plaintiff was entitled to a less sum than the face of the policy the insurer had the duty to allege that fact in defense and establish it by proof.

Also, see Automobile Ins. Co. v. Bridges, Tex.Civ.App., 5 S.W.2d 244, 246; Amarillo Mut. Benev. Ass'n v. Franklin, Tex.Com. App., 50 S.W.2d 264, 266; Wooters v. International & G. N. Ry. Co., 54 Tex. 294, 299; Mason v. Kleberg, 4 Tex. 85, 87; Cox v. Bankers' Guaranty Life Co., Tex.Civ. App., 45 S.W.2d 390, 392; American Nat. Ins. Co. v. Green, Tex.Civ.App., 96 S.W.2d 727, 728; American Central Life Ins. Co. v. Alexander, Tex.Civ.App., 56 S.W.2d 864; Adams v. Lasalle Life Ins. Co., Tex.Civ. App., 99 S.W.2d 386; Amarillo Oil Co. v. Ranch Creek Oil & Gas Co., Tex.Civ.App., 271 S.W. 145, 150; American Ins. Co. v. Hopkins, Tex.Civ.App., 89 S.W.2d 293; Home Benev. Soc. v. Keeter, Tex.Civ.App., 82 S.W.2d 1084.

■ In overruling the defendant's first proposition we expressly recognize the rule that where the general liability of an insurer is limited by special exceptions stated in the policy that as to such exceptions and as to all conditions precedent to liability the burden is on the insured or his beneficiary, to allege and prove that the loss sustained comes within the general liability thus assumed by the insurer and does not come within the exception clauses and that all conditions precedent have been fulfilled. International Travelers Ass'n v. Marshall, 131 Tex. 258, 114 S.W.2d 851; Georgia Home Ins. Co. v. Trice, Tex.Civ.App., 70 S.W.2d 356; Travelers Ins. Co. v. Barker, Tex.Civ.App., 96 S.W.2d 559, 563. But we do not believe, under the circumstances of this case, any court in Texas has ever gone so far as to hold that it is requisite that plaintiff introduce in evidence the defendant's by-laws. Suppose the by-laws were before us and contained only provisions that were purely defensive, then certainly it would not be held that plaintiff must introduce such matters in order to establish his case. We know of no rule or reason requiring us to presume that such by-laws contain conditions precedent to or exceptions from liability. As shown by the cases cited, it has too often been held that in a suit on a contract it is only requisite for the plaintiff to allege or prove that part of the contract essential to his cause of action.

It is next contended under defendant's second and third propositions that since the reinstatement of insured's policy was based upon a misstatement of the condition of deceased's health, the reinstatement was void. Defendant's fourth proposition is that insured's death having occurred within one year from reinstatement and being caused by heart disease, the recovery cannot exceed one-fourth of the policy, or $250. Said propositions are overruled. There is evi-

dence tending to show deceased was not in good health at the time his policy was reinstated; there is evidence that deceased, who died within one year from the reinstatement, died from heart disease, or a complication thereof, but, after a careful consideration of the entire statement of facts, we have come to the conclusion such facts are not conclusively established.

■■ The judgment of the trial court must of necessity have resulted from a finding by the trial court against the defendant on these disputed questions of fact. But, regardless of this, we are bound, in the absence of findings of fact, to presume the court found the facts necessary to support the judgment. Therefore, the rule announced by the Supreme Court in Wright v. Federal Life Ins. Co., 248 S.W. 325, American Nat. Ins. Co. v. Lawson, 133 Tex. 146, 127 S.W.2d 294, and American Nat. Ins. Co. v. Hernandez, Tex.Civ.App., 104 S.W.2d 525, to the effect that a stipulation in a policy that no obligation was assumed by the insurer unless insured was in sound health at the time of the issuance or delivery of the policy, or, as here, at the time of its reinstatement, is a condition precedent to the policy becoming effective, is not applicable here. Notwithstanding the fact that the statements in the death certificate, or proof of loss, were sufficient, taken alone, to sustain defendant's contentions under its last-mentioned propositions, nevertheless such statements were not conclusive but were subject to explanation and raised only an issue of fact, which has been determined against the defendant. Supreme Forest, Woodmen Circle v. Garcia, Tex.Civ.App., 124 S.W.2d 951; Heckert v. American Casualty Co., Tex.Civ.App., 129 S.W.2d 424.

The judgment is affirmed.