**INDIAN LAKE ESTATES, INC., Appellant,**

v.

**Charles WALKER, Appellee.**

**No. 2773.**

Municipal Court of Appeals for the District of Columbia.

Argued June 26, 1961.

Decided Aug. 17, 1961.

Forbes W. Blair, Washington, D. C., for appellant.

Mark P. Friedlander, Washington, D. C., for appellee. Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D. C., also entered appearances for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

QUINN, Associate Judge.

The question in this case was whether appellant corporation was obligated to pay the balance allegedly due on a retainer fee.

At trial, Leon Ackerman, former president of the corporation, testified that he had engaged appellee as general counsel at an agreed salary of $500 a week and after six weeks had terminated his services because of "friction." Appellee testified that he was an attorney specializing in insolvency and corporate business matters; that he had conferred with Mr. Ackerman with respect to the question of the corporation's financial situation; that he had entered into an oral agreement with Mr. Ackerman to perform legal services for a retainer of $5,000 payable at the rate of $500 per week; that he had received $3,-000 when his services were terminated; and that the corporation still owed him a balance of $2,000, plus expenses of $6.00. The jury found in appellee's favor, and the corporation appealed.

The principal contention on appeal is that the court erred in admitting parole evidence of the contents of documents without requiring their production. At trial

appellee testified that he received a routine statement from the corporation's accountants requesting verification of the amount of $2,006 appearing on the books as being owed to him. Appellee certified that the amount was correct and returned the statement. The corporation objected to this testimony on the ground that the best evidence rule required the production of the statement. This objection was overruled and we think this was error.

The issue in this case was clearly defined, presenting a typical question for the jury: a factual determination as to the terms of the agreement. Because the testimony of the two witnesses was in direct conflict on this point, the statement from appellant's accountants was of prime importance, for an admission that the books reflected the claimed indebtedness was possibly determinative of the ultimate issue.[1] Before testifying to its contents appellee was bound to produce the actual writing or give a satisfactory account for its unavailability. That such statement, if still in existence, was in appellant's possession did not excuse appellee from making a diligent effort to produce it.[2] Nothing in the transcript suggests that appellee made any attempt to secure the statement prior to trial. Without this foundation, it was error to allow appellee to relate its contents.

Reversed with instructions to grant a new trial.

1. Cf. Nu Car Carriers v. Traynor, 1942, 75 U.S.App.D.C. 174, 125 F.2d 47.

2. 1 Jones, Evidence § 246 (5th ed. 1958); IV Wigmore, Evidence § 1202 (3d ed. 1940).