**FRANKLIN INVESTMENT CO., Inc., a Corporation, Appellant,**

v.

**AMERICAN MUTUAL INSURANCE COMPANY OF BOSTON, a Corporation, Appellee.**

No. 4559.

District of Columbia Court of Appeals.

Argued April 15, 1969.

Decided Aug. 26, 1969.

Bernard D. Lipton, Washington, D. C., for appellant.

John J. O'Neill, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

Appellant, a financing company, brought this action when appellee insurance company refused the claim which appellant had filed to recover for loss to a Buick automobile which it had repossessed in a damaged condition. The automobile was covered by an insurance policy issued by

appellee to the purchaser of the car prior to its repossession. Because appellant held a chattel mortgage on the car at that time, it was named as "loss payee" as to losses to the vehicle. Presumably, the purchaser of the car—the named insured—was provided with a complete copy of the insurance contract, wherein all the standard provisions and definitions were set out in detail. Appellant, however, was issued only a one-page document entitled "Certificate of Insurance to Loss Payee".

This certificate set out the basic information concerning the policy—such as the named insured, a description of the property covered, the general types of, and limitations on, coverage, and the date of effective coverage—and provided the conditions governing the rights and duties of the loss payee under the policy. Among the conditions was the provision that

> loss, if any, *under this policy* shall be payable as interest may appear to the [loss payee] and this insurance * * * shall not be invalidated by any act or neglect of the [named insured] * * *. (Emphasis added.)

Another provision required that claims by the loss payee be made

> in form and manner as *provided by this policy* and further *shall be subject to the provisions of this policy* relating to appraisal and time of payment and of bringing suit. (Emphasis added.)

Appellant predicated its claim against appellee on the terms of the former provision.

At trial appellant sought to rely, as proof of the contractual basis for its right to recovery, entirely on the lienholder's certificate. On motion made at the close of appellant's case, the trial court granted judgment for appellee, primarily on the ground that appellant "had not proven or even introduced the insurance policy contract which it had pleaded and on which it

1. Blue Bonnet Life Insurance Co. v. Reynolds, Tex.Civ.App., 150 S.W.2d 372, 374–375 (1941). *See also* Connecticut General

had relied." (Statement of Proceedings. R. 21) This appeal followed.

Appellant contends that the certificate constituted a separate and distinct contract between it and appellee; that it was the only evidence of such contract ever furnished appellant by appellee; that it was sufficient, at least if construed against the drafter thereof, to establish a prima facie case of contractual liability; and that the trial court erred in failing, when ruling on the motion made at the close of its case, to view the evidence, and all reasonable inferences arising therefrom, in a manner most favorable to appellant.

Appellee asserts that the resolution of this case is governed by the rule of evidence, which it denominates the "best evidence rule", which dictates that in an action on a contract which is composed of more than one instrument, all components must be introduced, if available, by the party relying on the contract, or the action cannot be sustained. This rule was, indeed, enunciated in the case of Wann v. Metropolitan Life Insurance Co., Tex.Com.App., 41 S.W.2d 50 (1931), cited by the trial court in support of its holding.

■ We do not interpret the trial court's holding to have been based on this overly broad rationale. We note that Texas courts since *Wann* have permitted insurance contract recovery to be predicated on certificates alone, and in the absence of the entire policy, where such certificate is

> sufficient in itself to show the essentials of a contract and [does] not, as * * * in the *Wann* case, refer to a group policy or similar instrument, as containing the terms and conditions under which the insurance [is] *to be effective.* (Emphasis added.)
>
> * * * * * *
>
> [I]n a suit on a contract it is only requisite for the plaintiff to allege or prove that part of the contract essential to his cause of action.[1]

Insurance Co. v. Reese, Tex.Civ.App., 348 S.W.2d 549 (1961).

We must assume that the trial court applied the correct test in judging the sufficiency of the certificate proffered in this case, that is: Did the certificate set out with sufficient clarity the terms of the contract essential to appellant's cause of action? We affirm the trial court's holding that this certificate did not.

Essential to a plaintiff's case in an action under a property insurance contract is proof that the loss or damage for which recovery is sought was caused by a risk covered in the policy. To this end, it is incumbent upon the plaintiff to introduce the clause or clauses in the policy delimiting and defining the risks covered. By its terms, the contract here provided for compensation to the loss payee only as to losses "under this policy", not any losses. Without at least those portions of the policy which define the risks covered, it would be impossible for the trial court to ascertain whether or not the loss in this case came under the policy's coverage.

The certificate in this case expressly requires that the loss payee submit its claims "in form and manner as provided by this policy". Yet without the provisions of the policy relating to the submission of claims, the trial judge could not possibly determine whether this condition had been complied with. The proof of the terms of the contract in this case was, in a word, deficient. The provisions of the certificate were inconclusive and "such as would not for a moment justify the court in determining the true construction of the instruments". Fishback v. Reeves, 6 App.D.C. 76, 77 (1895).

Appellant presumably would not deny that its proof was, in some respects, lacking but would rely on certain rules of procedure and construction to bridge these deficiencies at least for purposes of making out a prima facie case. Appellant would have us construe ambiguous terms in the certificate against the drafter, and urges that the evidence be viewed most favorably to its theory.

These rules are not available to appellant. Here, appellant could have availed itself of the discovery procedure provided for under General Sessions Rule 34 and obtained a copy of the complete policy but made no apparent effort to do so. The absence of the complete policy from the record in this case is attributable to appellant. It is not a satisfactory explanation that a document is in the possession of the adverse party unless the party seeking to rely on it has made diligent efforts to secure it. Indian Lake Estates, Inc. v. Walker, D.C.Mun.App., 173 A.2d 486 (1961).[2]

What appellant wishes to do in this case is to receive the benefit of certain rules while withholding evidence which would make the application of those rules unnecessary. It was appellant's failure to submit adequate proof of the terms of the contract to be relied on, not appellee's draftmanship, which made the certificate ambiguous. Thus, appellant created the ambiguities and they are properly construed against it.

For like reasons, we hold that the rule of procedure which requires trial courts to give all reasonable inferences to plaintiff's proof when ruling on motions attacking the sufficiency of plaintiff's case, does not apply where the plaintiff fails to introduce into evidence matters which are available to it and which bear directly on a material issue in the case. We do not believe that this is strictly an application of the "best evidence rule", but we deem it to be an appropriate one and affirm the trial court's disposition of this case for these reasons.

Affirmed.

2. Presumably the insurance company's counsel had a copy of the policy at trial, but appellant made no effort to require its production.