**FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D. C., Appellant,**

v.

**AMERADA HESS CORPORATION, Appellee.**

**No. 7327.**

District of Columbia Court of Appeals.

Argued Nov. 28, 1973.

Decided Feb. 26, 1974.

George H. Eggers, Silver Spring, Md., for appellant.

Joel M. Savits, Washington D. C., with whom William H. Seckinger, Washington, D. C., was on the brief, for appellee.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

The issue at trial was whether a homeowner who responded affirmatively to a heating oil contractor's annual return-postcard offer to clean the oil furnace acquired a contract right to have the flue cleaned, a

failure to have done so having caused the home and its contents to be soiled. The returned postcard was not put into evidence and the homeowner could not recall which of three offered service options was accepted. When the furnace malfunctioned an agent of the company who then cleaned the flue said that it should have been cleaned initially, and subsequently the company agreed to withdraw its bill for the latter service when the homeowner protested the earlier failure. After a jury verdict in favor of the homeowner's subrogee, the trial judge granted judgment n. o. v. for want of proof respecting a contract or its terms. This asserted deficiency had been the basis for motions for a directed verdict, the defense having denied the existence of any contract. We affirm.

In essence we are requested to conclude that sufficient evidence was introduced at trial to permit inferences that there was a contract between the parties, that the contract included cleaning the flue, and that the damage to the home and its contents resulted from a breach of contractual duty. Appellant testified that Amerada Hess Corporation (Hess) had sent an offer of service through the mail in the form of a perforated card consisting of three separate types of service offers. There was testimony that the section of the card requesting furnace service was returned to Hess. There was no testimony as to the service terms of the accepted offer nor any indication as to why the card, containing the specifically selected service offer, was not introduced into evidence.

■ Initially, we recognize that appellant had the burden of establishing the contractual terms since it was suing under the contract.[1] Here, appellant made no attempt to introduce the written agreement but instead resorted to oral testimony which arguably might be read to support an inference that the flue should have been cleaned by Hess at the time of the initial servicing.[2] Because the agreement was in written form it was incumbent upon appellant to produce the card to sustain its burden or else satisfactorily explain why the card was not produced.[3]

■ We find our decision in Franklin Investment Co. v. American Mutual Insurance Co., D.C.App., 256 A.2d 620 (1969), controlling. In that case the plaintiff, a financing company, failed to prove the terms of an insurance contract, relying instead on a certificate of insurance issued to it as holder of a mortgage on a car. We observed in *Franklin* that "it would be impossible for the trial court to ascertain whether or not the loss in this case came under the policy's coverage." We also observed that the plaintiff could have utilized available discovery to obtain a copy of the contract. *Id.* at 622, *citing* Indian Lake Estates, Inc. v. Walker, D.C.Mun.App., 173 A.2d 486 (1961). The thrust of both observations applies to the instant case, as does the holding in *Franklin, supra,* 256 A.2d at 622 viz.:

[W]e hold that the rule of procedure which requires trial courts to give all reasonable inferences to plaintiff's proof when ruling on motions attacking the sufficiency of plaintiff's case, does not apply where the plaintiff fails to introduce into evidence matters which are available to it and which bear directly on a material issue in the case. We do not believe that this is strictly an application of the "best evidence rule", but we deem it to be an appropriate one and affirm

---

1. Backus v. Veterans Cooperative Housing Ass'n, D.C.Mun.App., 96 A.2d 514 (1953).

2. It might also be inferred that appellant should have chosen a flue cleaning service option but did not.

3. McCormick on Evidence § 230 (2d ed. E. Cleary 1972), states:
[I]n proving the terms of a writing, where the terms are material, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent. . . .

the trial court's disposition of this case for these reasons.

The judgment of the trial court is

Affirmed.