## C. W. Cope v. E. A. Blount.

### No. 1489.   Decided January 18, 1906.

**1.—Deed—Recitals—Evidence.**

The fact that a deed made by the representative of a deceased owner of land appeared on its face to be void as against his heirs, because shown by its recitals to be made in pursuance of an order of the probate court (the records of which had been destroyed) directing sale in accordance with a contract of decedent, which sale the probate court had then no authority to order, did not prevent the same being admissible in evidence as against one claiming title under a maker of such deed, the widow, and therefore bound by its recitals of fact.   (P. 433.)

**2.—Same—Estoppel.**

The recitals in a deed by the widow of the deceased owner of land, showing a contract by deceased to convey to the grantee therein and payment to decedent's personal representatives of the consideration agreed on, were binding by estoppel upon those claiming under her, and showed, as against them, an equitable title to the land in the grantee, and a conveyance of the legal title to the widow's one half interest.   (P. 433.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Liberty County.

*W. L. Douglas* and *E. B. Pickett, Jr.,* for appellant.—The probate courts of the Republic of Texas in the year 1840, had no authority to decree a specific performance of a contract made by a deceased person prior to his death, to convey land, and the deed made in compliance with such an order is absolutely null and void.   Houston v. Killough, 80 Texas, 296; Hoopers v. Hall, 30 Texas, 154; Buchanan v. Park, 36 S. W., 807.

It was not until the year 1844 that jurisdiction was given to the probate courts of the Republic of Texas to decree the specific perform-ance of a contract to convey land made by a decedent, and by the act made in that year, such a decree could only be made when the application was filed, by the administrator or executor, and upon the condition that a compliance with the contract would be beneficial to the estate; and the first law giving the holder of such a contract the right to ask for a decree of specific performance was passed in 1848, and, therefore, a deed executed in pursuance of the decree made by the probate court, prior to that year was and is wholly null and void, and without any force and effect whatever.

The very questions certified, the very points presented for determination, have already been answered and determined by this honorable court in the case of Houston v. Killough, 80 Texas, 307, and the opinion in that case answers these same questions in the negative.

A deed executed by a party in a representative capacity, conveys only the interest of his principal, and binds the party so executing it only in such capacity, and does not estop him from asserting an individual interest in the land conveyed, and therefore his heirs are not estopped by such conveyance.   Houston v. Killough, 80 Texas, 307; Merchants Bank v. Eustis, 28 S. W., 230; Dickerson v. Campbell, 32 Mo., 544;

Wright v. DeGroff, 14 Mich., 164; Devlin on Deeds, vol. 2, sec. 1280; 4 Kent Comm., p. 335; McCarty v. Merry, 1 Texas Ct. Rep., 329.

Why does the rule announced in Houston v. Killough, 80 Texas, 307, followed by McCarty v. Merry, 1 Texas Ct. Rep., 329, not apply to the case at bar and entitle appellant to recover the land in controversy, on the one condition that he refund the purchase money to appellees paid by Wm. D. Smith to the legal representatives of Philip Miller, if the court finds that the recital of such payment is evidence of the fact of payment?

*Blount & Garrison*, for appellees.—The court committed no error in introducing deed in evidence for the reason that the same was made and executed in 1840, the deed being an ancient instrument; it was not necessary to make proof of the order or confirmation of the sale by the probate court. Johnson v. Timmons, 50 Texas, 534; Harrison v. McMurray, 71 Texas, 128; Garner v. Lasken, 71 Texas, 435; Batcheller v. Besancon, 47 S. W. Rep., 296.

The appellant, C. W. Cope, claiming under his mother, Lucinda Miller, would be estopped to assert any title or right against appellees that Lucinda Miller herself could not assert, and she having by warranty deed conveyed the land in controversy to W. D. Smith, under whom appellees claim, this would constitute an equitable estoppel as well as a legal estoppel against the appellant, C. W. Cope.

BROWN, Associate Justice.—This is a certified question from the Court of Civil Appeals of the First Supreme Judicial District. The statement and questions are as follows:

"This is an action of trespass to try title brought by appellant against the appellee. The land in controversy was originally granted to Philip Miller. Appellant claims in part as an heir of Lucinda Miller, who was the surviving wife of Philip Miller. Appellee claims under a deed executed by James Knight and Lucinda Miller as 'legal representatives of P. Miller, deceased,' to William D. Smith. This deed has a general covenant of warranty and contains the following recitals:

" 'Whereas, by a decree of the Honorable Probate Court of the Republic and County aforesaid, made on the 31st of August, A. D., 1840, by which the legal representatives of the estate of Philip Miller were authorized and empowered to make a title unto William D. Smith to one-half league of land, agreeable to the terms of a contract entered into by said Miller, in his lifetime, and said Smith. Now, therefore, know all men by these presents: That we, James Knight and Lucinda Miller, the legal representatives of the estate of Philip Miller, late of the republic and county aforesaid, deceased, by virtue of the authority aforesaid, and in consideration of the sum of $500 to us in hand paid, the receipt whereof is hereby acknowledged, have granted, bargained, sold, etc.'

"The date of the deed is September 2, 1840. It is acknowledged by the grantors in their representative capacity. The records of Liberty County were destroyed by fire in 1887, and none of the records or papers

of the Probate Court of Liberty County in the administration of the estate of Philip Miller are now in existence. Lucinda Miller lived for a number of years after the execution of this deed and it is not shown that she ever asserted any claim to the land. No taxes were ever paid on the land by her or by appellant. No one has ever been in actual possession of the property.

"Upon this statement of facts which appear from the record in the above styled cause now pending in this court on motion for rehearing, we respectfully certify for your decision the following questions:

"First. The probate court at the date of the deed above mentioned having no authority to order the sale of the land in performance of the contract of the decedent, was the deed, nevertheless, admissible in evidence against appellant on the issue of estoppel?

"Second. Is appellant estopped by said deed from claiming the land as the heir of Lucinda Miller against appellee who holds under said deed?"

While we are confined to the certificate for the facts upon which to base our answers, we avail ourselves of the opinion of Associate Justice Pleasants which has aided us much in reaching our conclusion.

We answer both questions in the affirmative. The fact that the deed made by the representatives of Philip Miller was void as to his heirs does not prevent it from being admissible to prove the recitals contained therein against appellant, who claims under Lucinda Miller. The recitals in the deed prove that Philip Miller executed and delivered to William D. Smith a contract to convey the land in question upon the payment of a given consideration; also the fact that the consideration had been paid to the representatives of Philip Miller, Mrs. Miller and Knight.

The appellant, claiming under Lucinda Miller, was estopped by the recitals in the deed, signed by her, to deny that Philip Miller made the contract recited therein. Smith had the right to pay the consideration of the contract to the representatives of Miller, and the representatives of Miller had the authority to receive the sum due their decedent's estate, although they could not execute the deed which the contract called for, and, when Smith paid the purchase money to Knight and Lucinda Miller, the equitable title to the land vested in Smith, which is superior to the legal title in the estate of Miller. Vardeman v. Lawson, 17 Texas, 15.

Practically, the deed from Mrs. Lucinda Miller operates to estop the appellant from recovering Mr. Miller's interest, because the deed estops him to deny the facts recited therein which conferred the equitable title upon Smith. The contract being binding upon Mrs. Miller to the extent of their interest in the land, her deed vested in Smith the legal title to one-half of the land embraced in the contract. Heirs of Shelby Corzine v. Williams, 85 Texas, 499. The facts of that case are quite similar to this and the court announces the rules which we have applied in this.