**RUGGLES et al. v. SEEDIG et al.   (No. 2061.)**

(Court of Civil Appeals of Texas.   Amarillo. Jan. 10, 1923.   Rehearing Denied Feb. 7, 1923.)

1. **Evidence ⟨Key⟩80(1), 89—Presumed community property rights exist in other states, and presumption overcome only by proof of statute.**

Community rights being statutory, it is presumed that the home of husband and wife in another state and the proceeds thereof were community property as in Texas, and such presumption can be overcome only by proof of the nonexistence of such statute in the state of the homestead.

2. **Evidence ⟨Key⟩159—Parol evidence admissible to prove nonexistence of statute.**

Parol evidence is admissible to prove the nonexistence in another state of a statute making the home of husband and wife their community property.

3. **Evidence ⟨Key⟩80(2)—Common law presumed in absence of proof of foreign statute.**

In the absence of proof to the contrary, the presumption is that the common law prevails in foreign states.

4. **Trespass to try title ⟨Key⟩35(2)—Proof of no community property law in foreign state admissible without special plea.**

Under V. S. C. S. art. 7740, allowing defendant, under plea of not guilty, to prove any lawful defense except limitations which must be specially pleaded, evidence, in trespass to try title, of the nonexistence in Oklahoma of a community property statute was properly admitted without specially pleading Oklahoma laws.

Appeal from District Court, Wheeler County; W. R. Ewing, Judge.

Trespass to try title by Clarence Ruggles and others against L. O. Seedig and others. Directed verdict for defendants, and plaintiffs appeal.   Affirmed.

Will Crow, of Canadian, for appellants.
Reynolds & Reynolds, of Wheeler, for appellees.

HALL, C. J.   Clarence Ruggles, Clemence Ruggles, Alpha Ruggles, Archie Ruggles, and Emma Chisum, joined by her husband, Fred Chisum, sued L. O. Seedig, in trespass to try title, alleging the unlawful entry by L. O. Seedig and Emil Seedig upon an undivided half interest in a certain section of land in Wheeler county.   The prayer is for title and possession of said undivided half interest and for rents in the sum of $160 per annum, damages and costs.   The defendants answered by general demurrer, general denial, pleas of not guilty and innocent purchaser, and set up the statutes of 3, 5, and 10 year limitations.   After the evidence was all introduced the court peremptorily instructed the jury to return a verdict for the defendants.   The plaintiffs were the heirs at law of their deceased mother, Annie Ruggles.   There had never been any administration upon the estate, nor any other action taken with reference to it in the courts.   They contended that the property in litigation was purchased with community funds of their father, J. S. Ruggles, and their mother, Annie Ruggles, after the death of the latter.   It appears that the husband and wife owned a homestead in Oklahoma, which they sold before they came to Texas, and with the proceeds of the sale of their Oklahoma homestead Ruggles purchased the property in controversy, about six months after Mrs. Ruggles died.

The first proposition insisted upon by the appellants is that the court erred in permitting one of the appellee's lawyers to testify concerning the statutory laws of Oklahoma. J. B. Reynolds, one of the attorneys for appellees, testified as follows:

"I want to state that I have had occasion several times in my practice to investigate and determine what the law of Oklahoma was in reference to the ownership of real estate and as to whether or not what we call in this country the 'community rule' prevails there.   The community rule is that the husband and wife own their property jointly, such property as they acquire during their relationship as husband and wife.   As the evidence in this case shows, the property was sold by J. S. Ruggles and wife before they came here, and they brought the proceeds of the Oklahoma property here and put it into this property in controversy, and under the laws of Oklahoma, I now testify that that property, when he sold it over there, the proceeds of it, were his property, and not the joint property of the two."

[1, 2] This testimony was objected to because, the law offered to be proven being the statutory law of the state of Oklahoma, the statute itself would be the best evidence, and because there was no pleading upon the part of the defendants under which the evidence was admissible.   Reynolds did not state what the statute of Oklahoma was with reference to community rights in the Oklahoma homestead or its proceeds.   The effect of his testimony is that a statute making property acquired during coverture community property did not exist in Oklahoma; or, in other words, that the common-law rule prevailed there.   Community rights are the outgrowth

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of statutory enactment. Without some proof in this case the presumption is that the home in Oklahoma and the proceeds of its sale would have been community property as in Texas. In order to overcome this presumption it was necessary for the defendants to prove that no such statute existed in Oklahoma. They were not endeavoring to prove the substance of the statute; on the contrary, they sought to prove a negative. Parol evidence is admissible as primary and positive proof of the nonexistence of records, laws, and other documentary evidence. 22 C. J. 1006; Sanders v. St. Louis Southwestern Ry. Co. (Tex. Civ. App.) 135 S. W. 718.

[3, 4] As to the second objection, that the laws of Oklahoma had not been pleaded, it is a sufficient answer to state that no proof of any law of Oklahoma was offered in evidence. In the absence of any proof to the contrary, the presumption is that the common law prevails in foreign states. It is generally held that before the laws of a foreign state can be offered in evidence they must be alleged, but this rule does not apply to cases of this character. V. S. C. S. art. 7740, provides:

"Under such plea of 'not guilty' the defendant may give in evidence any lawful defense to the action, except the defense of limitation, which shall be specially pleaded."

Plaintiffs had introduced evidence showing title in their father and mother, and were relying upon the presumption that the property in controversy was purchased with community funds after their mother's death. Any evidence which tended to show that their mother had no interest in the fund, and therefore none in the property purchased, was relevant and admissible under the statute. In the absence of a statute of Oklahoma, making the property of Ruggles and wife community property, the proceeds upon the death of Mrs. Ruggles became the property of Ruggles, and appellants had no interest in the land in which the fund was invested.

The court therefore properly directed a verdict for the appellees.

Affirmed.