## GRANGE et al. v. KAYSER et al.
### No. 3177.

Court of Civil Appeals of Texas. El Paso. March 21, 1935.

1008

R. W. Hamilton, T. D. Kimbrough, and J. M. DeArmond, all of Midland, and F. B. Brian, of Toulon, Ill., for plaintiffs in error.

Frank Stubbeman, of Midland, for defendants in error.

HIGGINS, Justice.

D. O. Addis and wife were married in 1864. Addis died in 1909, leaving as his surviving heirs his said wife, Nancy Margaret Addis, and four children, Frank V. Addis, Florence O. Boyd, Eva B. Kayser, and Pearl H. Grange. During all of their married life Addis and wife lived in Illinois, where his surviving wife still lives. In 1907 J. W. Topping and wife conveyed to D. O. Addis, for a valuable consideration, section 34 in block 43, township 2 south in Ector county, Tex. The consideration paid for such land, under the law of Texas, would have been regarded as belonging to the community estate of Addis and wife, but under the law of Illinois it was the separate property of D. O. Addis. Addis left a will which was probated in Illinois and certified copy recorded in Ector county in accordance with article 8301, R. S. The will appointed Mrs. Addis and Frank V. Addis as executors. They qualified and acted as such. Addis devised said section to his executors, in trust, with power to sell and convey, and distribute the proceeds among his children. Addis devised and bequeathed to his wife certain real estate and personal property. Under the terms of the will, the wife was required to elect whether she would take thereunder. The evidence shows she elected so to do. By general warranty deeds, dated March 2, 1932, the said executors and trustees, acting in their capacities as such, conveyed to each of said children an undivided one-fourth interest in section 34. The interests so acquired by Frank V. Addis and Florence O. Boyd subsequently were conveyed to Glenn D. Addis and Lois Pauline Boyd, respectively. Subsequently—August 23, 1932—Nancy Margaret Addis executed a quitclaim deed conveying to Pearl H. Grange all her right, title, and interest in the section.

This suit was brought by Glenn D. Addis, Lois Pauline Boyd, and Eva B. Kayser, joined by her husband, John Kayser, against Pearl H. Grange and husband, each seeking to recover an undivided one-fourth interest in the section of land and to cancel and remove as a cloud upon their title the deed last mentioned executed by Nancy Margaret Addis to Mrs. Grange.

The plaintiffs pleaded their title specially.

Upon trial without a jury, judgment in favor of plaintiffs was rendered as sought by them from which Mrs. Grange and husband prosecute this writ of error. Findings and conclusions were not filed by the trial court.

Opinion.

The land in controversy became the separate property of D. O. Addis by virtue of the fact that the consideration paid therefor, under the law of Illinois, was his separate property. This is true though under the law of Texas such consideration would have been regarded as community property. Addis and wife lived in Illinois and the status of the consideration was fixed by the law of that state. The authorities abundantly support the view that under the facts stated the land in controversy was the separate property of D. O. Addis. Mayor v. Breeding (Tex. Civ. App.) 24 S.W.(2d) 542; Breeding v. Mayor (Tex. Civ. App.) 60 S.W.(2d) 251; Blethen v. Bonner, 30 Tex. Civ. App. 585, 71 S. W. 290, 291; Cox v. McClave (Tex. Civ. App.) 22 S. W.(2d) 961; Rose v. Houston, 11 Tex. 324, 62 Am. Dec. 478; Oliver v. Robertson, 41 Tex. 422.

Aside from this consideration, the surviving wife was precluded from asserting any community interest in the land because Addis by his will undertook to dispose of the land as his own; Mrs. Addis was put to an election and the evidence shows she elected to take under the will. Smith v. Butler, 85 Tex. 126, 19 S. W. 1083; Dunn v. Vinyard (Tex. Com. App.) 251 S. W. 1043.

Furthermore, Mrs. Addis having undertaken by her four deeds of March 2, 1932, to convey, in her representative capacity, the entire estate in the land, was estopped to subsequently assert that such estate did not pass. 14 Tex. Juris., p. 906, § 127; Heirs of Shelby Corzine v. Williams, 85 Tex. 499, 22 S. W. 399; Cope v. Blount, 99 Tex. 431, 90 S. W. 868.

Under the rules of law stated, the court properly rendered judgment in favor of the defendants in error, but we will briefly refer to the propositions upon which plaintiffs in error present their appeal. Such propositions may be summarized as follows: (1) The petition is subject to general demurrer because it was not alleged that Mrs. Grange knew the law of Illinois differed from the law of Texas respecting community property and the judgment is unsupported by the evidence because it was not shown that Mrs. Grange had such knowledge; (2) that it was error to admit the testimony of F. B. Brian, who was shown

to be a practicing lawyer of Illinois, that Illinois has no community property law and never had; the common law prevails in that state and the common-law rule with respect to the accumulations of the husband during marriage had not been modified by statute in any respect.

In support of the first proposition plaintiffs in error rely upon Mayor v. Breeding, supra. In that case Mayor, a resident of Texas, was a bona fide purchaser for value, of Texas land, from the surviving wife of Robert Cook who had died without issue. The property had been acquired by Cook after his marriage.

The suit was by heirs of Cook. Cook and wife were residents of Pennsylvania and under the law of that state the consideration paid by Cook for the Texas land was his separate property. It was in effect held that since Mayor, a resident of Texas, was apparently an innocent purchaser for value, it was incumbent upon the plaintiffs to show that Mayor had notice of the law of Pennsylvania with respect to the status of the Cook earnings during marriage. This ruling has no present application because it was pleaded and proven by defendants in error that Mrs. Grange and husband were residents of Illinois. As such, they were presumed to know the law of that state. Furthermore, the deed of August 23, 1932, under which Mrs. Grange claims the alleged community interest of Nancy Margaret Addis is a quitclaim. The deed recites a nominal consideration. Evidence, aliunde, of a valuable consideration was not offered. A purchaser, under quitclaim deed for a nominal consideration, is not to be regarded as a bona fide purchaser for value. See cases cited in 17 Michie's Digest, 169.

Furthermore, the petition and the evidence support the judgment upon the theory of election by Mrs. Addis to take under the will and estoppel by deed. See authorities above cited.

For the reasons stated, no title passed to Mrs. Grange by the deed of August 23, 1932, whether the land was the separate property of Addis or community property.

As to the second proposition, in the absence of evidence to the contrary, and there is none, the presumption is that the common law prevails in Illinois. It was competent to affirmatively prove such fact by the witness Brian and to also prove by him the negative fact that Illinois had no community property

law and that the common-law rule with respect to the status of the husband's accumulations during marriage had not been modified by statute. Ruggles v. Seedig (Tex. Civ. App.) 247 S. W. 650; Sierra Madre Const. Co. v. Brick (Tex. Civ. App.) 55 S. W. 521.

Affirmed.