

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 22, 1958

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

OPINION NO. WW-343

Re: Distribution of the Estate
of Jesse H. Jones for
Inheritance Tax purposes.

Dear Mr. Calvert:

We quote the following from your letter requesting our opinion on the above captioned matter.

"Jesse H. Jones died testate on June 1, 1956, a resident of Harris County, Texas, seized and possessed of a community estate that had a gross value of $10,007,506.36. The undivided one-half (1/2) community interest of the deceased is $5,003,753.18, and accordingly, an inheritance tax report was filed with this department on this basis.

"An examination of the will of the deceased reveals that after numerous special bequests the testator disposes of his entire community estate of himself and surviving wife. The residuary estate is devised in trust to four trustees and from the income of said trust, the trustees must pay the surviving wife an annuity of $75,000.00 for life. If there is any income left after the payment of the annuity of $75,000.00 to the surviving wife, the balance of the income must be paid to 'Houston Endowment, Inc.', a charitable, educational or religious foundation, for use within the State of Texas.

"The first paragraph of the last will and testament of the deceased reads as follows:

"'The terms "my estate", "my residuary estate", "my property" and other like expressions in this will which designate, dispose of or refer to any estate or property or interest or share therein shall (except where otherwise expressly indicated) be deemed to include and affect my

wife's interest or share (as well as my own)
in our community property and estate, and all
of any separate property which I may die
possessed of or entitled to, it being my pur-
pose and intent by provisions of this will
(except where otherwise expressly indicated)
to devise, bequeath, dispose of, and, as
directed, to affect not only any separate
property of my own, but also all (including
my wife's share and interest therein as well
as my own) of the community property and
estate of my wife and myself.  This inclusion
and disposition of my wife's share of our
community property and estate is made with
her knowledge and approval, and because of
my belief that better provision for my wife
will result.  And if my wife shall, after
my death, elect to claim and receive her
legal share of any of our community property
otherwise disposed of by this will, then
the provisions of this will for benefit of
my wife shall lapse and become null and
void, and at my death all of my property
and estate (not including my wife's share
of our community property and estate) shall
pass and vest as hereinafter in this will
expressly provided for such contingency.'

"The surviving wife by this clause was
put to her election, either to take this
property under the will or to repudiate same
and claim her one-half (1/2) interest in the
community property.  She elected to take under
the will, and the question arises over the
correct method of distribution thereunder and
the computation of the inheritance tax thereon.

"The executors of this estate reported
only the decedent's one-half (1/2) undivided
community interest ($5,003,753.18) as being
taxable, only one-half (1/2) of each special
bequest as being taxable, and only one-half
(1/2) of the annuity ($37,500.00) as being
taxable to the surviving wife.  The residue
of the decedent's undivided one-half (1/2)
community interest was distributed to the
'Houston Endowment, Inc.' as exempt.

"We believe that the entire community estate ($10,007,506.36) is taxable and should be distributed for inheritance tax purposes. Certainly, the full amount of each special bequest is taxable as well as the $75,000.00 annuity to the surviving wife instead of the $37,500.00 reported by the executors. Of course, if the value of the annuity to the wife does not exceed the value of her community interest in the estate plus a $25,000 exemption, she would owe no tax. The residue of the estate is exempt because the will states that the money must be used in Texas that goes to the 'Houston Endowment Inc.' There seems no doubt in our minds that each special legatee receives the full amount under the terms of the last will and testament of Mr. Jones, and, therefore, the full amount is taxable to each special legatee."

Article 7117, Vernons Civil Statutes, provides in part as follows:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, . . . which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification. . . ." (Underscoring ours)

By virtue of the above statute if upon the wife's election to take under the will, the community property of the wife passed to the devisees by the will of the husband then it is subject to the inheritance tax. The Texas inheritance tax is a privilege tax levied on the privilege of receiving or succeeding to property which passes under the conditions named in Article 7117. Our courts in Kelly v. Kelly, 294 S.W. 518 (Comm. App.); Kerens National Bank v. Stockton, 281 S.W. 580 (Tex. Civ. App.); and Grange v. Kayser, 80 S.W. 2d 1007 (Tex. Civ. App.) held that where the husband by will disposed of the community estate and the wife elected to take under the will that the devisees named in the will took title to the property under the husband's will.

The court in Jones v. State, 5 S.W. 2d 973 (Comm. App.), was confronted with a fact situation where an individual had died leaving a will disposing of the community estate of himself and his surviving spouse.  In that case the surviving spouse had received under the will of the decedent an estate equal in value to her one-half share of the total community estate.  The surviving spouse elected to take under the will and the State assessed an inheritance tax against her based on the amount given her under the will.  The court held that since the amount so received by her under the will was not in excess of the amount that she owned as a one-half owner of the community estate that no inheritance tax was due.  The court held that the tax was not due because the will passed no property to the surviving spouse.  The court stated as follows in this connection:

> "Now if the surviving widow owned in her own right an undivided one-half interest in the community property of herself and husband, then she had title to that extent to such property, and if the will of deceased did not pass any property to her, clearly she is not taxable. The will did not pass any property whatever to her, because it operated only as an effective partition of the community property after death. . . ."

It follows from the Jones case, in that the annuity provided for the surviving wife is less than the community share of the wife no tax is due from the surviving spouse.

The other devisees, unlike the surviving spouse did not own an undivided one-half interest (or other interest) in the community property of Mr. & Mrs. Jones.  Mr. Jones' will did not operate as to these other devisees as a partition of the community property, and we hold that such other devisees succeeded to the property by virtue of the will and received title thereunder.  Attorney General's Opinions V-704, and V-1146, written in 1948 and 1951 held to the contrary on the theory that upon the wife's election to take under the will, that the third party devisees did not take under the will-- but received the property as a gift from the surviving wife.  The Kelly, Stockton, Kaiser and Jones cases, supra, refutes this theory.  As stated above, the court in the Jones case stated that the wife's election to take under the will "operated only as an effective partition of the community

property after death. . . ." It seems clear to us that this partition of the community estate was between the surviving wife and the husband. The wife received full title to the property devised to her and the husband's estate acquired complete title to the balance of the community property and as stated in the Stockton case, supra, "such ownership dated back to the date of his death."

We therefore hold that the third party devisees take under the will and are subject to the inheritance tax levied by Article 7117, V.C.S. Prior Attorney General's Opinion V-704 over-ruled two prior opinions of this office, same being Opinion Numbers 191 and O-4109. These two opinions are re-instated and Attorney General's Opinions V-704 and V-1146 are over-ruled.

### SUMMARY

Where surviving spouse elects to let her share in the community property pass under deceased spouse's will which disposed of the entire community estate the third party devisees are subject to the tax levied under Article 7117, V.C.S., according to the value of the entire community estate received by them. The community property received by the surviving spouse is not taxable if the property received is not more than the value of her community share plus the $25,000 exemption. Attorney General's Opinions V-704 and V-1146 are over-ruled and Attorney General's Opinions 191 and O-4109 are reinstated.

Yours very truly

WILL WILSON
Attorney General

By W. V. Geppert
W. V. Geppert
Assistant Attorney General

WVG/vk

APPROVED:
OPINION COMMITTEE
George P. Blackburn, Chairman
John Reeves
John Webster
Mary K. Wall
REVIEWED FOR THE ATTORNEY GENERAL
By: James N. Ludlum