**CONNECTICUT GENERAL INSURANCE COMPANY, Appellant,**

v.

**Loyd H. REESE, Appellee.**

No. 3886.

Court of Civil Appeals of Texas.

Waco.

July 5, 1961.

Rehearing Denied Aug. 3, 1961.

Bowyer, Thomas, Crozier & Harris, Dallas, for appellant.

Baker, Jordan, Davey & Shaw, Dallas, for appellee.

WILSON, Justice.

Appellee recovered judgment against appellant for total and permanent disability benefits upon a certificate issued under his employer's group insurance policy.

Appellant says the undisputed evidence shows he is not totally and permanently disabled under the terms of the certificate, and there is insufficient evidence, or none, to support the jury verdict to the contrary. The contract provides an employee shall be considered totally and permanently disabled if, after effective date, "he is unable to work, and will presumably be unable during his life to pursue any occupation for wages or profit." Appellee admitted that after his alleged injury he and his father painted his house by working two or three hours a day and his going home to rest for a similar period; that 4 months later, with help of two men, he nailed shingles on his two-room house and put one coat of paint on it and another small house over 5 day periods, during which he intermittently went home to rest when his back hurt; and that he assisted in other work. He couldn't work a full day, or do anything requiring stooping or lifting. This work "put him to bed" for a week. As custodian of a church, he opens the church on Sundays and Wednesdays, turning on lights and stoves. His wife and daughter clean the church. Two or three hours a day he has folded and delivered clothes, helping his father in a washateria, without pay, until the father could get someone to take it over. He thereafter ran an unsuccessful campaign for County Commissioner. Appellant says this and other favorable evidence requires reversal. It says appellee "is not a helpless cripple."

Without detailing it, we state there is ample evidence in the record to sustain the verdict and judgment. It was not required that appellee be a helpless cripple. The definition in this contract is not nearly as exacting as that in Prudential Ins. Co. of America v. Tate, Tex.Sup., 1961, 347 S.W.2d 556. Under the rules there quoted and applied, we overrule the points.

Appellant says that the suit is based on a master policy of group insurance, and since plaintiff introduced the individual certificate issued to him, but failed to introduce the master policy, the judgment must be reversed. It relies on Wann v. Metropolitan Life Ins. Co., Tex. Com.App., 41 S.W.2d 50. We do not think the Wann holding is applicable. There the certificate stated it was "subject to the terms and conditions" of the group policy. Here, on the contrary, there is not only an absence of such adoptive language, but the certificate issued by appellant expressly negatives that intent: It certifies that its specified group policies insure employees of the employer, and that "a description of the benefits contained in these policies is set forth in this certificate"; that "the insurance described in this certificate replaces and supersedes the insurance described in any and all certificates and riders previously issued under any and all group policies issued." It then contains eight printed pages entitled, "The following provisions are extracts from the group

life insurance policy." Appellant admitted issuance of group policy and certificate, and pleaded that the group policy was delivered by it to the employer, a Connecticut corporation, in Connecticut; and that the employer delivered the certificate to appellee. We think this case is more properly governed by the opinions in Blue Bonnett Life Ins. Co. v. Reynolds, Tex.Civ.App., 150 S.W.2d 372, 374, writ ref., and Pacific Mut. Ins. Co. v. Talbert, Tex.Civ.App., 271 S.W.2d 487, 490, 492, no writ. As said in the Reynolds case, "Here the policy of insurance was issued and delivered to the deceased and was sufficient in itself to show the essentials of a contract and did not, as apparently did the certificate in the Wann case, refer to a group policy or similar instrument, as containing the terms and conditions under which the insurance was to be effective." See Insurance Code, Art. 3.50, Vernon's Ann.Tex.Stat., and Cox, Group Insurance Contracts, 38 Tex.L.Rev. 211.

■ Error is assigned to exclusion from evidence of the petition and agreed judgment in appellee's workmen's compensation suit in which he alleged he was totally and permanently disabled. Appellee settled this case for $1,500, although benefits for disability claimed in his petition in that suit would have been for several times this amount. These documents were offered as admissions, on the theory that by compromising his claim for less than the maximum amount of compensation recoverable under the Act he admitted his incapacity was less than total and permanent. The record shows the Industrial Accident Board had dismissed his claim for failure to file it within the jurisdictional statutory period, and because he had failed to establish good cause for the failure. The agreed judgment offered recites it was entered pursuant to a compromise settlement agreement between appellee and the compensation carrier made with the court's approval. That agreement was not tendered.

The court properly excluded these documents. In Brannam v. Texas Employers' Ins. Ass'n, 151 Tex. 210, 248 S.W.2d 118, 120, it was contended an ineffective and unapproved compromise settlement agreement was admissible to show plaintiff's "attitude in respect to the nature and extent of his injuries." The Supreme Court in rejecting the contention said, "the entire context of the instrument refutes any intent on the part of petitioner to state the nature and extent of his injuries or the amount of his damages 'for any other purpose than compromise.'" See also Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811; San Antonio & A. P. Ry. Co. v. Tucker, Tex.Civ.App., 157 S.W. 175, 176, writ dis.; Caswell v. Satterwhite, Tex.Civ.App., 277 S.W.2d 237, 240, writ ref., n.r.e.; Skyline Cab Co. v. Bradley, Tex.Civ.App., 325 S.W.2d 176, 182, writ ref., n. r. e.; IV Wigmore, Evidence (3rd ed.) Sec. 1061; 2 McCormick & Ray, Evidence, Sec. 1142; 31 Tex.L.Rev. 239, 258.

■ Reversal is asked because the court refused appellant's requested special issues. Several issues and instructions were requested en masse in a single instrument. Among these was a definition of permanent incapacity varying from that contained in the contract, and an issue on partial incapacity which was simply the negative of the issue of total incapacity submitted. This is not a statutory workmen's compensation action. Under these circumstances it was not error to refuse such requested issues. Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786, 788; Davis v. Massey, Tex.Civ.App., 324 S.W.2d 242, 243.

■ Appellant urges that the court erred in awarding 12% interest and attorneys' fees. The group policy was issued in Connecticut. The record does not make it completely clear to us whether the certificate was, or not, issued by appellant

in Texas.[1] It is not necessary for us to decide this question. It is undisputed that at all material times, appellant was doing business in this State, having a general agent and an agent for service. Otherwise it could possibly be said, under the decisions in Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 109 S.W.2d 470, 472, 115 A.L.R. 1301, and International Brotherhood of Boiler Makers, etc., v. Huval, 140 Tex. 21, 166 S.W.2d 107, 112, that the decision in Boseman v. Connecticut General Life Ins. Co., 301 U.S. 196, 57 S.Ct. 686, 81 L.Ed. 1036, 110 A.L.R. 732, might make Connecticut law applicable, if proved, under Art. 21.42, Texas Insurance Code. In the Boseman case, however, it was established the insurer did no business in Texas; and in the Wann case it was stipulated that "no law, either statutory or common" [130 Tex. 400, 109 S.W.2d 472] existed in the state of issuance authorizing recovery of penalty or fees.

Here appellant invoked Connecticut law in its pleading, asserting that under the laws of that State penalty and interest are not recoverable. It did not utilize the procedure afforded by Rule 184a, Texas Rules of Civil Procedure, to authorize the court to judicially notice the common and statutory law of a sister state, nor the provisions of Art. 3718, Vernon's Ann.Civ. Stat., to prove the statutory provisions of Connecticut. It sought to make the proof by the testimony, over objection, of its

Texas attorney of record that he "had been examining the laws and statutes of the State of Connecticut" and "there is no provision in such laws imposing on an insurance company a penalty and liability for attorneys' fees in a law suit where it denies liability on a policy of insurance issued in the State of Connecticut."

Although it has been held that nonexistence of a statutory provision may be established by parol, Ruggles v. Seedig, Tex.Civ.App., 247 S.W. 650, 651, no writ; Grange v. Kayser, Tex.Civ.App., 80 S.W. 2d 1007, 1009, no rehearing, we think the quoted testimony falls short of negativing existence of a Connecticut statute equivalent to the provisions of Art. 3.62, Insurance Code, that if a company "liable therefor" shall "fail to pay" a claim after demand, these items shall be recoverable; and this is particularly true since the testimony is qualified by limitation to cases of denial of liability, and to policies issued in that State. If it could be construed to negative existence of a statute, since the testimony relates to a "provision" in Connecticut laws, it is doubtful that it could be said to establish either of the items is irrecoverable under its common or case law. This, and appellant's other points have been considered and are overruled. The judgment is reformed to provide that attorneys' fees be taxed as costs, and as modified is affirmed.

1. See the article by the General Counsel of appellant's reinsurer, 38 Tex.L.Rev. 211, 221, in which it is stated Boseman v. Connecticut General Life Ins. Co., 1937, 301 U.S. 196, 57 S.Ct. 668, 81 L. Ed. 1036, 110 A.L.R. 732, relied on by appellant, is not binding on Texas courts in the respects there considered; and the discussion of the factual basis necessary for determining whether an agency relationship exists between employer and insurer in delivering the certificate.