## The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Appellant,

### v.

## J. Howard NELSON, Appellee.

### No. 16680.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 12, 1965.

Locke, Purnell, Boren, Laney & Neely, and Larry M. Lesh, Dallas, for appellant.

Brown, Day & Crowley, and George A. Crowley, Fort Worth, for appellee.

RENFRO, Justice.

In his petition plaintiff alleged that he was the holder of Certificate 463 under the defendant's (The Equitable Life Assurance Society of the United States') Group Policy No. 7250H, which was a group hospitalization and medical benefits policy issued to the Trinity Universal Insurance Company for the benefit of its employees; on September 21, 1962, plaintiff ceased to be an employee of Trinity and was totally disabled on said date from engaging in any occupation for compensation or profit; on September 26 he began hemorrhaging and on September 30 was operated for an ulcerous condition; that "the policy in question and the certificate involved provided in substance that if the employee was on the date the insurance ceased totally disabled * * *, the insurance benefits shall remain in full force and effect"; that under "the terms of the certificate and policy" in question plain-

tiff was entitled to a total of $1,153.32 for hospital and surgery expenses.

The court, without a jury, rendered judgment for the plaintiff.

The court found that plaintiff was totally disabled by reason of bodily disease from engaging in an occupation for compensation or profit from September 21, 1962, through October 10, 1962; that one Weisner, with actual or at least apparent authority, denied plaintiff's claim prior to the expiration of ninety days after the commencement of hospital confinement.

On appeal defendant insists on reversal on the ground there was no evidence to support the above two findings, and because plaintiff failed to prove a cause of action in that the group policy plead by plaintiff was not offered in evidence.

The first page of the certificate issued to plaintiff began: "THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES HEREBY CERTIFIES THAT, Subject to the terms and conditions of Group Hospital Expense Policy No. 7250H the Employee named on the back page of this certificate, an Employee of Trinity Universal Insurance Company, Dallas, Texas * * * is insured for Hospital Confinement Benefits and Surgical Benefits as therein limited."

In the first paragraph of the text of the certificate, under the heading "Hospital Confinement Benefits," it was provided that defendant would pay, under certain conditions, to the employee, "subject to the limitations and provisions set forth in said policy," certain benefits.

The concluding paragraph on the first page of the certificate stated: "This Individual Certificate is furnished in accordance with and subject to the terms of the said Group Hospital Expense policy, which policy, and the application therefor, constitute the entire contract between the parties. This Certificate is merely evidence of insurance provided under said Group Hospital Expense policy, which insurance is effective only if the Employee is eligible for insurance and becomes and remains insured in accordance with the provisions, terms and conditions of the said policy."

Defendant plead that the certificate was issued to plaintiff "subject to the terms and conditions of said group hospital expense policy No. 7250H insured by the hospital and confinement benefits and surgical benefits contained in said group policy."

■ Because we believe the appeal in the instant case is controlled by the holding in Wann v. Metropolitan Life Insurance Co., 41 S.W.2d 50 (Tex.Com.App., 1931), we quote rather extensively therefrom. In the Commission of Appeals' opinion, approved by the Supreme Court, it was held: "Plaintiff in error's cause of action, as disclosed by his pleading, was based upon the issuance of the group policy. Obviously he was not entitled to recover by merely offering in evidence the certificate and rider attached thereto. These instruments disclose upon their face that they were not intended to and do not constitute a complete contract of insurance. Even if he had predicated his cause of action solely upon the certificate and rider, without any reference to the group policy, a recovery would not have been authorized when it was shown by the express terms of these instruments that they constituted but a part of an indivisible contract.

"It is argued that the certificate with rider attached issued to Wann was so complete in its terms that it was not essential for him to establish the provisions of the group policy. The parties to this contract expressly agreed that plaintiff in error was insured subject to the terms and conditions of the group policy. However complete the terms of the certificate may appear to be, the fact remains that the parties agreed it should be subject to the terms and conditions of another instrument. In the face of such an agreement plaintiff in error had no right, without the consent of the insurance company, to change this

contract so as to entitle him to recover without regard to the terms and conditions of the policy expressly made a part of the contract. The terms of the certificate may have been materially modified by stipulations contained in the group policy.

"In order for plaintiff in error to set up a cause of action under the terms of the certificate, it was incumbent upon him to allege and prove that the provisions of the group policy, when construed in connection with the certificate and rider, entitled him to recover for the disability resulting from the injuries sustained in the service of his employer."

Plaintiff relies upon Connecticut General Insurance Company v. Reese, 348 S.W.2d 549 (Waco Civ.App., 1961), as holding that it was unnecessary to introduce the group policy.

The court in the Connecticut General Insurance Company case said: "Appellant says that the suit is based on a master policy of group insurance, and since plaintiff introduced the individual certificate issued to him, but failed to introduce the master policy, the judgment must be reversed. It relies on Wann v. Metropolitan Life Ins. Co., Tex.Com.App., 41 S.W.2d 50. We do not think the Wann holding is applicable. There the certificate stated it was 'subject to the terms and conditions' of the group policy. Here, on the contrary, there is not only an absence of such adoptive language, but the certificate issued by appellant expressly negatives that intent: * *."

We do not deem it proper to pass upon the question as to whether plaintiff was shown to be totally disabled within the meaning of the language of the certificate, or whether Weisner had authority to deny plaintiff's claim, as upon another trial the certificate must be construed in connection with the terms and provisions of the group policy. Wann v. Metropolitan Life Ins. Co., supra.

Reversed and remanded.