**REPUBLIC NATIONAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Willie BLANN et ux., Appellees.**

**No. 4471.**

Court of Civil Appeals of Texas.

Waco.

Feb. 24, 1966.

J. W. Dewbre, Dallas, for appellant.

T. B. Bartlett and Jack Welch, Marlin, for appellees.

WILSON, Justice.

This appeal requires construction of a contract of group hospital insurance upon which appellee recovered judgment after a non-jury trial. We affirm the judgment.

The contract consists of four documents: (1) a master policy of group hospital expense insurance issued by appellant to the City of Marlin, appellee's employer; (2) a rider attached to the master policy providing benefits to dependents of employees, (3) a certificate of insurance issued to appellee under the group insurance contract, and (4) a rider attached to the certificate.

The employee recovered judgment for benefits arising from hospital confinement of his wife at the birth of their child. The insurer's position is that maternity benefits for dependents are not provided by the contract. It argues that the terms of the master policy excluding such coverage control over those of the certificate which provide it.

The base master group policy issued to the employer contained an express agreement to pay for hospital confinement of employees necessitated by childbirth. It did not afford coverage to dependents of employees. A rider was issued which extended benefits to dependents, including the wife of an insured employee. This amendment to the base master group policy, however, excluded dependents' coverage

with respect to any hospital confinement resulting from childbirth. The base certificate of insurance issued to the employee, appellee, recited that he was insured under the master policy, the provisions of which and the attached rider were applicable to the certificate. By this base certificate the insurer agreed to pay specified hospital benefits to female employees on account of childbirth.

The rider issued by appellant and attached to the employee's certificate, notwithstanding, certified that the employee was insured for benefits listed in that rider with respect to his wife, subject to the conditions of the master policy issued to the employer. It recited:

> "All provisions of said policy of group hospital expense insurance and the certificate to which this rider is attached, not inconsistent herewith, whether summarized on the following pages or not, apply to the insurance evidenced by this rider."

It then provided hospital expense benefits for an employee's wife while necessarily confined in a hospital as a resident patient due to pregnancy or childbirth.

Appellant asserts, "the provisions of the master policy do not provide dependent maternity benefits; the certificate of coverage issued to appellee does." It relies on Wann v. Metropolitan Life Ins. Co., Tex. Com.App., 41 S.W.2d 50 in support of the postulate that the master policy provisions control those of the certificate and rider. The Wann case merely held that where the certificate was subject to the terms of the master policy, it was necessary to prove the latter. See Equitable Life Assurance Society of U. S. v. Nelson, Tex.Civ.App., 396 S.W.2d 517, no writ; Connecticut General Insurance Company v. Reese, Tex. Civ.App., 348 S.W.2d 549, writ ref., n. r. e.

Here the certificate, as modified by its rider, expressly restricted the application of the master policy provisions to those provisions "not inconsistent herewith." Those provisions of the master policy or its addendum which are inconsistent with the certificate and its amending rider are required to yield to the latter by the very language of the contract. See 17 Am.Jur. 2d, Contracts, Sec. 264, p. 670; 13 Tex. Jur.2d, Contracts, Sec. 116. There is no resulting conflict of provisions; the parties themselves resolved the conflict.

The insurer then says it is not liable because plaintiff wrote a letter inquiring of it whether the policy covered the loss involved: "I would like to know if this policy covers pregnancy of the employee's wife. The way I read it, it does. So if you would explain it to me I would be grateful." The insurer replied that the policy only provided benefits for female employees; not for dependents. The insurer insists that plaintiff, "having gone too far in intentionally and voluntarily asking the fatal question" is bound by the insurer's answer.

The contention is rejected. It would be a novel rule and a strange result if a prospective claimant, by asking an insurer's opinion of its liability, should be interdicted by its self-serving erroneous answer. For want of authority on so singular a point, we adopt Appellee's suggestion that by this logic the alarmed farmer who points his gun at the henhouse door in the darkness and calls, "who's there?" will be bound by the answer, "Nobody here but us chickens!" Appellant's points are overruled. Affirmed.