W. David McCARVER, III, et al., Appellants,

v.

Evelyn V. TRUMBLE, Appellee.

No. 13–82–168–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 27, 1983.

Jay S. Siskind, K. Ray Campbell, Houston, for appellants.

Irving Moore, Jr., Wharton, David C. Redford, Houston, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This appeal arises from a trespass to try title suit involving a one-fourth undivided interest in a 115-acre tract in Wharton County, Texas. A trial to the court resulted in a judgment in favor of the plaintiff, Evelyn V. Trumble. The defendants, W. David McCarver, III, et al., requested findings of fact and conclusions of law, which were filed by the trial court. We affirm.

Most of the facts are not in dispute. The parties stipulated that Lawrence C. Evans

was the common source of title. Evans sold an undivided one-half interest in the 115 acre tract to Mrs. Trumble and her husband Lyle. The purchase price of $25,000.00 was paid by two checks of $12,500.00 each. One of these checks was from Mrs. Trumble's personal savings account at the World Savings & Loan Association of Boulder, Colorado. This account contained funds from her investments only. The other check was drawn from Mr. Trumble's account at the United Bank of Boulder. Mr. Trumble used this account to hold wages and earnings from his property.

In the deed from Evans to the Trumbles was a recitation that Evelyn and Lyle were taking as joint tenants with the right of survivorship. The deed also plainly states that their residence was Boulder, Colorado.

Lyle Trumble died testate on May 7, 1979. His will provided that his three sons (by a former marriage) take the entire estate in equal shares. His sons sold their interest in the Wharton County property to R.P. Berry who in turn sold it to the defendants in this case.

When McCarver, one of the defendants, considered purchasing the land, he knew that the Trumbles were from Colorado. He read the Evans-Trumble deed, including the joint tenancy provision, but believed that this effort to vest the entire interest in the surviving spouse was ineffective.

The basis of Mrs. Trumble's complaint was that upon her husband's death, the joint tenancy clause operated to vest the entire interest in her. The defense was twofold: that no joint tenancy was created by the deed recital and that the McCarver group were bona fide purchasers for value whose rights in the property could not be defeated by Mrs. Trumble's claim. These issues are also the basis of this appeal.

Among the trial court's findings of fact are the following:

"6. The purchase of said tract of land was made with monies kept in the separate Colorado bank accounts of Evelyn V. Trumble and Lyle W. Trumble. It was the intent of both Evelyn V. Trumble and Lyle W. Trumble that the land located in Wharton County be paid for in separate but equal amounts of $12,500 from each spouse. The checks paid to the grantors were in fact two checks, one check for $12,500 endorsed by Evelyn V. Trumble, and one check for $12,500 endorsed by Lyle W. Trumble.

7. Colorado is a common law and not a community property state, and as such has no concept in its marital property laws of property owned jointly by both parties to a marriage, or belonging to the 'community' of the marriage."

The trial court was able to make findings on Colorado law because it took judicial notice of that law at the appellee's request.

■ In Texas, a joint tenancy with the right of survivorship may not be created with community property. *Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565 (1961). But married couples who desire to establish joint tenancies may do so by converting their community property into separate property through the execution of a written partition agreement. Tex.Prob.Code § 46 (Vernon Supp.1982); Tex.Fam.Code § 5.42 (Vernon Supp.1982). Only after this partition is effected, may they establish joint tenancy by the execution of a separate instrument. *Maples v. Nimitz*, 615 S.W.2d 690, 695 (Tex.1981).

The appellants maintain that the Trumbles attempted to create a joint tenancy using community property without a partition. It is undisputed that there was no written partition. The appellee argues that the joint tenancy was created with separate property, thereby eliminating the necessity of a written partition agreement.

■ The laws of Texas apply in determining the nature of rights of nonresidents in Texas realty. *Roswurm v. Sinclair Prairie Oil Co.*, 181 S.W.2d 736, 741 (Tex.Civ. App.—Fort Worth 1944, writ ref'd w.o.m.). In Texas, property in the possession of either spouse on dissolution of marriage is

presumed to be community property. Tex. Fam.Code § 5.02 (Vernon 1975). Therefore, the property in this case is presumed to be community. Since the party challenging the community character of the property bears the burden of proof, *Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex.1975), it was incumbent upon Mrs. Trumble to show that the land in question was separate property. This can be accomplished by tracing the assets, thereby proving that the property on hand was acquired with separate property. *Cockerham v. Cockerham*, supra.

■ Mrs. Trumble's testimony establishes that the $12,500.00 drawn from her savings account was her separate property. The appellants do not argue about her check. They do say that the court's finding that payment for the property was made with separate funds is supported by no evidence or is against the great weight and preponderance of the evidence because of the origin of Mr. Trumble's payment. These contentions are without merit. The appellants state that there is evidence that "Mr. and Mrs. Trumble commingled their funds, some of which were derived from property located in Texas" and that the purchase money could have come from these funds since Mrs. Trumble really did not know from which account the money was withdrawn. Upon review, the evidence reveals that the defense attempted to impeach Mrs. Trumble's testimony that she knew the source of the money by reference to her deposition in which she stated she was unsure of the account from which it was taken. She explained, however, that investigation after the deposition produced a clearcut answer. Contrary to the appellants' assertion, she never admitted to receiving income from Texas property while her husband was alive. What we see in the record is unrebutted testimony that Mr. Trumble withdrew his share of the purchase price from an account containing his earnings from property and his wages.

Implicit in the appellants' argument is the contention that Mrs. Trumble failed to rebut the community presumption because at least part of the consideration would be community property in Texas (the wages). They state the blanket rule that Texas law applies to a dispute relating to real property.

The appellee introduced Colorado law to show that in Colorado, earnings from property and wages are separate property. The situation in this case is like the one in *Grange v. Kayser*, 80 S.W.2d 1007 (Tex.Civ. App.—El Paso 1935, no writ). In *Grange*, a nonresident purchased land in Texas with funds which were separate under the laws of his domicile but would be considered community property in Texas. The Court held that the status of the consideration paid for the land was determined by the law of the marital domicile. Therefore, the land in Texas became the husband's separate property. Applying the same logic to this case, Texas land purchased by Colorado residents with separate funds, as determined by Colorado law, becomes separate property. Mrs. Trumble met the burden of establishing that this land was separate property.

Since the evidence sustains the finding of the trial court that the funds used to purchase the property were separate, there was no need for a written partition to create the joint tenancy. Therefore, the recital in the deed was sufficient to create a joint tenancy. See *Chandler v. Kountze*, 130 S.W.2d 327 (Tex.Civ.App.—Galveston 1939, writ ref'd n.r.e.)

■ The appellants' second argument is that their status as bona fide purchasers of the property precludes Mrs. Trumble's recovery even though she could rebut the community presumption. They direct our attention to *Boyd v. Orr*, 170 S.W.2d 829 (Tex.Civ.App.—Texarkana 1943, writ ref'd w.o.m.) which holds that the presumption of community property may not be rebutted as to bona fide purchasers. The weakness of this argument is that in order to benefit from this shield cutting off the rights of third parties, purchasers must meet all the requirements of a bona fide purchaser including lack of notice of claims by third

parties. *Carter v. Converse*, 550 S.W.2d 322 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

The trial court found that McCarver became personally aware of the Trumbles' residence in Colorado and that the deed showing their residence was on file in Wharton County. The joint tenancy recital was in the deed. The record supports these findings. We agree with the appellee that these facts constituted actual and constructive notice of her claim. Appellants are not entitled to the protection of bona fide purchaser status. We have considered all of the appellants' points of error and find none which requires reversal.

The judgment of the trial court is affirmed.