**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-10988
Summary Calendar

_____

KATHERINE WYNNE, INDEPENDENT EXECUTRIX OF THE ESTATE OF BUCK J.
WYNNE, III,

Plaintiff-Appellant,

VERSUS

AMEX ASSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-192-AH-G)

_____

April 6, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Katherine Wynne appeals the district court's order granting summary judgment in favor of Defendant-Appellee AMEX Assurance Company ("AMEX"), finding that an insurance policy issued by AMEX did not afford coverage for the death of Mrs. Wynne's husband. For the following reasons, we affirm.

Mrs. Wynne's husband tragically died by drowning during a scuba dive while vacationing in Belize. Mr. Wynne had charged his airline ticket from Dallas, Texas, to Belize, his return ticket,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his hotel accommodations during his stay in Belize on his American Express Gold Card. As an American Express cardmember, Mr. Wynne was provided with travel accident insurance for trips charged on his American Express account. This insurance policy (the "Policy") was issued by AMEX to American Express Travel Related Services Company, Inc. and its participating subsidiaries ("American Express"). After her husband's death, Mrs. Wynne made a demand upon AMEX for benefits under the Policy due to Mr. Wynne's death. After AMEX refused to pay the claim, Mrs. Wynne brought this suit.

It is undisputed that the only document Mr. Wynne received evidencing the Policy was a brochure entitled "Description of Coverage" issued by AMEX. Mrs. Wynne argued in the district court and in this court that she was entitled to rely upon the provisions in the brochure rather than the more restrictive provisions in the Policy. The district court granted summary judgment in favor of AMEX, finding that Mrs. Wynne was subject to the provisions in the Policy rather than those in the brochure and that under the Policy, she was not entitled to recover for her husband's death.

We review the grant of summary judgment *de novo*. <u>Celotex Corp. v. Catrett</u>, 447 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The brochure received by Mr. Wynne contained the language, "The benefits described herein are subject to all of the terms and conditions of the Policy." Under Texas law, when the insured has received a certificate of insurance that states that it is subject to the terms of a master policy, the courts have held that the master policy controls over any ambiguous or contrary provisions in

2

the certificate.  See Wann v. Metropolitan Life Insurance Co., 41 S.W.2d 50 (Tex.Com.App. 1931).  See also Transport Life Insurance Co. v. Karr, 491 S.W.2d 446 (Tex.Civ.App. 1973, no writ); Boyd v. Travelers Insurance Co., 421 S.W.2d 929 (Tex.Civ.App. 1967, writ n.r.e.).  The cases to the contrary have involved certificates of insurance that do not contain the above phrase or that state that the certificate "is subject to all the provisions and conditions of the (Master) Policy not inconsistent herewith (i.e., with the certificate-endorsement's provisions)." Fagan v. Bankers Multiple Line Insurance Co., 669 F.2d 293, 296 (5th Cir. 1982).  See also Republic National Life Insurance Co. v. Blann, 400 S.W.2d 31 (Tex.Civ.App. 1996, no writ); Connecticut General Insurance Co. v. Reese, 348 S.W.2d 549 (Tex.Civ.App. 1961, ref. n.r.e.).  Because the brochure in the present case states that it is subject to the terms and conditions of the Policy, the provisions contained in the Policy rather than those in the brochure control Mrs. Wynne's claim.[2]

The Policy provides in the section "Description of Benefits" for four events to which benefits are payable to the cardholder: (1) if he sustains an injury while riding as a passenger in, boarding or alighting from or being struck by a common carrier; (2) if he sustains an injury while riding as a passenger in a common carrier when going directly to an airport for the purpose of boarding an airline flight on a covered trip or when leaving

---

[2]  The language in the brochure, although somewhat broader, is similar to that in the Policy.  Because we find that the provisions in the Policy control Mrs. Wynne's claim, however, we do not reach the question of whether her claim would be covered under the provisions in the brochure.

directly from an airport after alighting from an airline flight on a covered trip; (3) if he sustains an injury while upon any airport premises designated for passenger use immediately before boarding, or immediately after alighting from an airline flight on a covered trip; (4) if he is exposed to the elements because of an accident on a covered trip that results in the disappearance, sinking, or wrecking of the common carrier. Because Mr. Wynne died after scuba diving on a dive boat provided by the resort where he was staying, the only provision under which his death could be covered is the common carrier provision.

The common carrier provision requires the covered person to sustain injury as a result of an accident that occurs while riding as a passenger in, or boarding, or alighting from or being struck by a common carrier. Mr. Wynne's death was a result of a scuba diving accident, not a result of an accident that occurred while he was riding in, boarding, alighting from, or being struck by the boat, even if it were a common carrier.

Furthermore, the dive boat provided by the resort was not a common carrier. As the district court noted, a common carrier is one who transports "people or things from place to place for hire, and who holds himself out to the public to do so...." Railroad Comm'n of Tex. v. United Parcel Service, Inc., 614 S.W.2d 903, 910 (Tex. Civ. App. 1981, writ ref'd n.r.e.). A company that provides transportation for the exclusive use of its own patrons is a private carrier. Semon v. Royal Indem. Co., 279 F.2d 737 (5th Cir. 1960). The resort where Mr. Wynne was staying maintained the dive boats and provided them only to the guests of the resort.

4

Therefore, the boats were private carriers.

Because the Policy does not afford coverage for Mr. Wynne's death, we affirm the order of the district court granting summary judgment in favor of AMEX.

AFFIRMED.